ABRAM P. ZOLLER, RESPONDENT, *v.* DAYTON S. KELLOGG, APPELLANT.

*Amendment of pleadings — complaint for damages changed to one for specific performance — definite allegations and proof required in an action for specific performance.*

Dayton S. Kellogg agreed to sell to Abram P. Zoller, who agreed to buy it, a village lot, and Kellogg, in consideration of the sale, agreed to work a road which led along the side of a hill to the lot so that the road could be used without danger; to make the road, which was then in process of construction, fifty feet wide, of uniform grade and nearly uniform width; to straighten the brow of the hill in front of the premises, and to do these acts as soon as the same could be done; and also to continue the road westward to a certain bridge, and to complete this latter part of the work by December, 1882.

Zoller, alleging that Kellogg did not perform these acts, brought an action upon the contract, claiming $1,000 damages for its breach, and demanded judgment for that sum and costs, and nothing else.

The answer denied the allegations of the complaint, and also alleged performance.

On the trial of this action Zoller moved to amend the complaint so as to make the action one in equity to compel a specific performance of the contract, and the referee, to whom the action had been referred, notwithstanding the objections, that it changed the nature of the action, and was a surprise to the defendant, allowed the amendment.

Upon an appeal by the defendant from a judgment in plaintiff's favor decreeing specific performance by the defendant:

*Held,* that the referee had no power to allow the amendment.

That it was not, within the meaning of section 723 of the Code of Civil Procedure, "material to the case" in an action on contract.

That it introduced a new cause of action, and changed the nature of the pending action.

That it might be doubted whether specific performance of the contract could be decreed in any event, because the complaint and contract were indefinite as to the amount of work to be done and as to the manner in which it should be performed. That great accuracy and precision, both in averment and proof, were required in actions for specific performance.

APPEAL by the defendant Dayton S. Kellogg from a judgment of the Supreme Court, entered in the office of the clerk of the county of Montgomery on the 12th day of August, 1889, decreeing, in favor of the plaintiff, the specific performance by the defendant of an agreement, made by him with respect to certain land contracted to be sold by the defendant to the plaintiff, with costs, after a trial before a referee.

It appeared from the complaint that its demand of judgment was for money only.

*George E. Phillips* and *A. J. Nellis*, for the appellant.

*John D. Wendell*, for the respondent.

MAYHAM, P. J.:

The original complaint in this action was for an alleged breach of contract set out in the complaint, and asked to recover damages for such breach.

The original answer was a denial, and also an alleged performance of the contract. The issue thus framed was duly referred by consent and stipulation of the parties to a referee to hear and determine.

On the appearance before the referee for the trial of the action the attorneys for the plaintiff moved to amend his complaint so as to change the action, from one at law to recover damages, to one in equity to compel a specific performance of the contract. This motion was opposed by the defendant's attorney, who specifically objected that the proposed amendment changed the nature of the action, and that the referee had no power to allow an amendment of that character on the trial; also the further objection that the defendant was surprised by such amendment.

The referee overruled the objection, to which ruling the defendant duly excepted.

The defendant then moved to amend his answer, which motion was granted. The trial proceeded upon the amended issue thus

framed, and the plaintiff had a decree of specific performance, with costs against the defendant. The controversy in this case arises out of a transaction between the parties, wherein the defendant contracted to sell, and the plaintiff to purchase, a village lot located on Prospect Hill, in the village of Fort Plain, in which contract of sale the defendant agreed as follows: " The said party of the first part, in consideration of the sale of said lot, agrees to work the street or dug-way road along the side of said Prospect Hill to the lots conveyed, so that the same may be used to pass up and down the same without any danger ; to make said road or street, now under process of construction, fifty feet in width, of uniform grade, and nearly a uniform width ; also to straighten the brow of the hill in front of premises already conveyed as soon as the same can be done ; to continue westward to a point opposite the iron creek bridge, and complete the latter part of said work by December 1st, 1882."

The theory of the plaintiff in amending the complaint was, doubtless, to obtain a decree compelling the defendant to specifically perform the provisions of the contract above quoted, although the proposed amendment does not in all respects follow the language of the contract.

The first and perhaps the principal contention of the appellant on this appeal is that the referee had no power to grant this amendment at the trial.

The powers of a referee, in amending pleadings at the trial, are the same as those possessed by the court at the trial. (Code of Civil Procedure § 1013.)

The power of the court to amend pleadings at the trial is given and prescribed by section 723 of the Code of Civil Procedure as follows: " The court may upon the trial * * * amend any process, pleading or other proceedings * * * by inserting an allegation material to the case."

The demand for judgment is now an essential part of the complaint, and one of the statutory requirements of what the complaint must contain. Section 481 of the Code provides that: " The complaint must contain, * * * 3d, a demand of the judgment to which the plaintiff supposes himself entitled." It is true that by section 723 of the Code the referee, vested with all the powers of the court in that respect, could, on the motion of the plaintiff, amend

the complaint "by inserting any allegation material to the case." Was this change of the form of action from one at law, to an action in equity, the insertion of an allegation material to the case? We think not. The case as presented by the original complaint was one for the recovery of money for an alleged breach of contract. The amendment was not one essential or material to that case. It was not necessary to enable the plaintiff to recover the money claimed, but rather to enable the plaintiff to recover on another kind of action in another case. "Not the case to recover money but a case for the performance of work." In this view of the case, amended as not authorized by the section of the Code referred to, even if the evidence had been taken in the case and had disclosed real ground for equitable relief, the court would not have been authorized under the succeeding clause of section 723 to so amend the pleading as to make it conform to the proof, because by that clause of the section an amendment can only be made " when the amendment does not change substantially the claim or defense."

Here the claim would be entirely changed from a claim for a money demand to that of the performance of labor in a specific performance of the contract. So that upon any fair construction of this section we are unable to find the power conferred upon the court to change an action at law, for the recovery of money, to one in equity for a specific performance. In *Sleeman* v. *Hotchkiss et al.* (36 N. Y. St. Rep., 540) the original complaint was for equitable relief to have a contract canceled and compel the transfer of certain stocks. On the trial the plaintiff ascertained that he could not recover on his complaint, and the trial was suspended and leave granted to him to move at Special Term to amend, which he did asking to substitute a cause of action strictly legal, and the motion was denied for the reason that this was an attempt to change the cause of action which could not be done under the Code, the court having no power to permit such change, and this ruling was upheld by the General Term of this court sitting in the first department.

In *Cumber* v. *Schoenfeld* (34 N. Y. St. Rep., 770), it was held that the court had not the power on the trial to change, by amendment, a complaint from one for malicious prosecution to one of false imprisonment, and the court, in discussing that question, say : " That

it is improper to permit, at the trial, a new cause of action to be introduced into the complaint, is apparent upon the terms of the Code as well as by the uniform course of adjudication. (Code of Civ. Pro., § 723; *Price* v. *Brown*, 98 N. Y., 388, 389; *Reeder* v. *Sayre*, 70 id., 181," and several other cases.)

It is true that in the case of *Wademan* v. *The Albany and Susquehanna Railroad Company* (51 N. Y., 569), it was held that the trial court did not commit an error in an action for a specific performance in allowing pecuniary damages instead of decreeing such performance; but, in that case, damages were claimed in the complaint, and the court, in discussing the question, says that the court will sometimes give damages when asked, where specific performance cannot be decreed. So, too, in *Lawrence* v. *Saratoga Lake Railroad Company* (36 Hun, 468), this court held that when a specific performance could not be decreed, the court could award damages, and when the vendee claims performance, and the vendor is unable to make complete performance, the vendee is allowed to have all he can get, with compensation for the deficiency. But these cases proceed upon the theory that part of the equitable relief claimed is pecuniary damages, and no amendments of the complaints were asked for or required.

We are of opinion, therefore, that the learned referee, in granting this amendment, exceeded his powers, and that its allowance was error.

There is also great force in the suggestion made by the appellant, that the complaint is too general and indefinite in its terms to enable the court to require a specific performance of the agreement, and that that vice also inheres, in the contract itself, just what work is required to be performed and in what manner, and when it is to be performed is not specified either in the contract or the complaint as amended; and this, in part, grows out of the fact that defendant appears to have been at work, in excavating, at the time of, and since the commencement of this action.

How much the judgment entered upon the amended complaint requires the defendant to do is quite uncertain, and the complaint and the decree would furnish no real and accurate guide for the defendant in performing the work, which, by the decree, he is commanded to do.

Great accuracy and precision in averment and proof are required in an action for specific performance, which does not seem to have been adopted in this case.

I am, therefore, of the opinion that the decree should be reversed, the referee discharged and a new trial granted, costs to abide the event.

PUTNAM and HERRICK, JJ., concurred.

Decree reversed, referee discharged, new trial granted, costs to abide event.