## BLOCK v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

1. STREET RAILROADS—NEGLIGENCE—EVIDENCE—COMPETENCY.
   Where plaintiff sued a street-railroad company for injuries sustained by being thrown from a car by the conductor, and the complaint alleged that the injuries were caused by the negligence of the defendant, evidence on the part of plaintiff which showed that he had an altercation with the conductor, who willfully pushed plaintiff off the car, was not open to objection, inasmuch as it constituted the transaction by reason of which plaintiff claimed that defendant was guilty of negligence.

**2. SAME—COMPLAINT—PROOF—AMENDMENT—CONFORMITY TO PROOF.**

Code Civ. Proc. § 723, authorizes a court to amend any pleading to conform to the facts proved, where the amendment does not amount to a substantial change of the claim or defense. *Held,* that where, in an action against a street-railroad company, the complaint alleged that plaintiff's injuries were caused by the negligence of defendant's servants, and the proof showed that plaintiff got into an altercation with a conductor, who willfully pushed him off the car, it was error to allow the complaint to be amended so as to conform to the proof, since such an amendment .was a change of the scope of the action.

Appeal from trial term, New York county.

Action by William Block against the Third Avenue Railroad Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Eugene Treadwell, for appellant.

Charles P. Cowles, for respondent.

RUMSEY, J. The plaintiff in this action alleges that the injury to the plaintiff was caused "by reason of the carelessness, negligence, and neglect of the defendant, its servants or agents." There was no proof of any mismanagement of the car, or of any negligent performance by a servant of the defendant of any act which it was its duty to do in transporting the plaintiff on the car. The undisputed evidence was that the plaintiff had an altercation with the conductor; that he tried to pull the bell to stop the car, when the conductor willfully and of his own malice pushed him off the car. The evidence was given without objection, but, as it constituted the very transaction by reason of which the plaintiff claimed that the defendant was guilty of negligence, no objection could have been successfully interposed to it.

At the close of the plaintiff's case a motion was made to dismiss the complaint because no negligence of the defendant was proved, but that the undisputed facts showed that the plaintiff's injury was caused by an assault of the defendant's conductor upon the plaintiff, —an act entirely outside of his duties, and which, under the circumstances, although it was a breach of any duty defendant owed to plaintiff, did not constitute negligence on its part. The court indicated its intention to hold that, upon the facts proved, the plaintiff could not recover under the allegations of the complaint; and thereupon a motion was made by the plaintiff to amend the complaint by making the pleading conform to the facts proved, which was granted by the court over the defendant's objection. The amendment of the complaint in this respect is the chief error alleged by the appellant for the reversal of this judgment. There is no inherent power in a court to amend pleadings upon a trial. All its authority in that regard is derived from section 723 of the Code of Civil Procedure, by which the court is permitted, upon the trial, in furtherance of justice, to amend any pleading, where the amendment does not change substantially the claim or defense, by conforming the pleading to the facts proved. Unless this act of the court

can be sustained under the authority given in that portion of the section quoted above, the ruling complained of was error. There can be no doubt of the rule that the power of the court, within this section, is limited to an amendment which does not change substantially the claim made in the complaint. Southwick v. Bank, 84 N. Y. 420–429; Dexter v. Ivins, 133 N. Y. 551–557, 30 N. E. 594; Zoller v. Kellogg, 66 Hun, 194, 21 N. Y. Supp. 226. If the facts proved had constituted merely an immaterial variance from those alleged in the complaint, no exception could have been taken to what was done, but the change in the complaint went further than to correct an immaterial variance. The scope of the original allegation in the complaint was that, simply, of a negligent act on the part of one of the defendant's servants. That meant simply that, in the performance of the duty towards its passengers which it must devolve upon its servants, the defendant had failed; but, as proved, the act was not a failure to perform a duty which the defendant had placed upon its servants, but a willful and unnecessary act done by a servant entirely outside of the duty with which the defendant had intrusted him, and one which the defendant had no reason to believe a servant would be guilty of, and which it was absolutely impossible for the defendant to prevent. This was an entire change in the scope of the action. The duty which the defendant failed to perform, as made out by the proof, and for which, if at all, the defendant was liable to the plaintiff, was an entirely different duty from that which was alleged in the complaint.

The court, therefore, had no authority to amend the pleading in the way in which it did; and for that reason the exception taken to the ruling was correct, and the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.