## MATTHEWS ET AL. v. RUND ET AL.

[No. 3,838.   Filed November 26, 1901.]

PLEADING.—*Complaint.—Amendment after Submission.*—In a suit to quiet title to real estate in which plaintiffs claim ownership, it is error, after the cause is submitted to the court, to permit the filing of an additional complaint in which plaintiffs seek only damages for the destruction of an easement.

From Benton Circuit Court; *S. P. Thompson,* Judge.

Suit by John G. Rund and another against George A. Matthews and another to quiet title. From a decree for plaintiffs, defendants appeal. *Reversed.*

*D. Smith* and *B. B. Berry,* for appellants.
*D. Fraser* and *W. H. Isham,* for appellees.

ROBINSON, P. J.—Appellees John G. and Henry Rund filed their complaint on May 14, 1898. In August, 1898, they filed an amended complaint averring facts intended to show that in 1885 Henry Rund "became the owner" of a certain described strip of ground, one foot four inches wide and 132 feet long; that John G. Rund has an equitable interest therein. The pleading attempts to show ownership of the ground by appellees and avers that appellants claim to own the same, which claim is unfounded and is a cloud upon appellees' title, and concludes with the prayer that appellees' "title in and to said strip of ground [describing it], be quieted in them against all claim of defendants and that they have all proper relief."

Issues were formed and the cause submitted to the court for trial. After the evidence was concluded and the argument of counsel heard, appellees, by leave of court, and over appellants' objection, filed what is termed "their supplemental and additional complaint". Appellants answered this by general denial. In this "supplemental and additional complaint", in which the wives of appellees were also

made plaintiffs, are set out facts intended to show that appellees had formerly acquired and then held a perpetual easement in the strip of ground upon which were stairways leading to the upper story of an adjoining building owned by them, and situated upon land the fee of which they owned. It is also averred that "since the commencement of this action", appellants, without appellees' consent, entered upon this strip of ground and took down and rendered useless the stairways thereon and erected thereon a brick wall, by reason of which the stairways on the strip of ground have been rendered useless, and destroyed appellees' access to the upper story of their building, and concluding "wherefore, plaintiffs say, that by the destruction of said stairways, and by the destruction of the easement, they had to use the same as the sole means of access to their upper story, they have been damaged in the sum of $2,000, for which they demand judgment and all other proper relief."

The statute provides that the court may, on motion, allow supplemental pleadings, showing facts which occurred after the *former pleadings were filed.* §402 Burns 1901. The former pleading in this case which it was desired to amend or supplement was an amended complaint. That amended complaint presented a single issue. Whether the facts averred in that pleading showed ownership of the land, or simply an easement in the same, its manifest theory was to quiet appellees' title to that interest, and that was the only relief asked or that could have been granted. *Ellis* v. *Bassett,* 128 Ind. 118, 25 Am. St. 421.

This subsequent pleading shows an abandonment of the former issue and presents an entirely different one. The relief sought in the subsequent pleading is not additional to that already prayed, but the relief there asked is abandoned and relief of an entirely different nature is demanded. It was in effect an amended pleading on which issue was joined by the general denial. It changed the legal effect of the pleading and required new and entirely different proof. In

the first pleading it is claimed that by reason of the facts therein averred appellees were the owners of the strip and asked to have their title quieted. In the subsequent pleading they claimed to have an easement in the strip of land, no claim of ownership is made, that this easement has been destroyed by appellants, and ask damages only. It is thus seen that the subsequent pleading can not be said to be a supplemental pleading. It is a cause of action in itself and presents a different question to be tried.

It is held that it is not error to permit an amendment after a cause is submitted on the evidence if the amendment does not change the legal effect of the pleading. But it is held error to permit a material amendment after the cause is submitted to the court for decision upon the evidence. *Sharpe* v. *Dillman,* 77 Ind. 280.

In *Maxwell* v. *Day,* 45 Ind. 509, the court said: "It is a settled rule of practice under the code, that pleadings can not be amended so as to change the issues or make a new issue, after the jury has retired to consult, or after the cause is submitted to the court for decision upon the evidence." See, also, *Kerstetter* v. *Raymond,* 10 Ind. 199; *Lewark* v. *Carter,* 117 Ind. 206, 3 L. R. A. 440, 10 Am. St. 40.

The motion for a new trial should have been sustained. Judgment reversed.