BYRNE, Respondent, v. McKEACHIE, Appellant.

(137 N. W. 343.)

1. Action—Action in Equity—Quieting Title—Amending Pleadings—Verdict of Jury—Findings by Court—Setting Aside Findings—Judgment on Verdicts.

Where, in action to quiet title, involving question of boundary to land, statute of limitations, and rents and profits, but, over defendant's protest, a jury was called and cause tried before jury, and a general and special verdict rendered in favor of plaintiff, in effect locating boundary line as claimed by plaintiff, and thereafter before judgment the court, on defendant's motion, made an order to the effect that court should make findings and conclusions based on the evidence and that pleadings showed the action to be one in equity, but the court did not make findings, but thereafter and before judgment, on plaintiff's motion, court made an order setting aside said former order and permitting plaintiff to amend complaint setting up cause of action at law, purely in ejectment for possession of land, and the court thereafter rendered judgment upon the verdicts for plaintiff as in an action at law; held, error to set aside the court's first order and allow amendment of complaint changing nature of cause of action from one in equity to one at law, and in rendering judgment without findings of fact and conclusions of law as in equity.

Corson, J., dissenting.

2. Action—Issues in Equity—Right to Jury Trial—Advisory Verdict—Necessity for Findings and Conclusions—Judgment on Verdicts.

Where the issues as made up by pleadings are purely in equity, neither party is entitled, by constitutional or statutory

right, to a jury trial; and where the court in such a case takes verdicts of jury on disputed questions of fact, the verdict is advisory only, and does not relieve the necessity of findings of fact and conclusions of law under Sec. 276, Code Civ. Proc., as a basis for judgment rendered; and **held,** error to render judgment simply on such jury verdicts; that the facts found by the jury in such a case must be first approved by court as a basis of judgment, and if approved, they become, by adoption, findings of court.

Corson, J., dissenting in part.

3.  **Equity—Findings and Conclusions—Verdict Not Adopted by Court—Judgment on Verdict As At Law.**

Where, in an action to quiet title, the court, in rendering judgment, after amendment of complaint to conform to the theory of an action at law, on which theory the case was tried, treated the verdict of the jury as one rendered in an action at law and as binding on court, it cannot be contended that the court adopted the findings of the jury as its own.

4.  **Actions—Actions At Law, Suits In Equity, Still Distinct.**

Though all distinctions between actions at law and suits in equity are abolished under the statute, such abolition of distinctions applies to the form of actions only, not to inherent substantive principles underlying the two systems of procedure; contrary to practice at law, the verdict of jury is merely advisable; the method of review on appeal in equity is to ascertain whether the findings below are sustained by clear preponderance, while at law the review is as to whether there is any evidence to sustain verdict; the effect of admission of immaterial or improper evidence, and effect of instructions to jury are different in the two systems. And where, as in the case at bar, the evidence was strictly within the issues as in equity, and the only effect of amendment of complaint was to make the evidence, which did conform to the issue when tried, also conform to the issues of another form of action—one at law,—the order allowing such amendment was erroneous.

Corson, J., dissenting in part.

5.  **Equity—Compelling Defendant to Litigate His Claim of Title —Action At Law—Injunction—Jurisdiction.**

Courts at law have no jurisdiction to compel a defendant to show by what title he claims ownership of realty, nor to decree and declare titles, or grant perpetual injunctions; these remedies are all available only on the equity side of the court by virtue of its equity jurisdiction. Whether, prior to or on a trial, a complaint could not under any circum-

stances be amended so as to change the nature of the action from equity to law side of court, or vice versa, is not decided.

(Opinion filed, June 25, 1912.)

Appeal from Circuit Court, Yankton County. Hon. R. B. Tripp, Judge.

Action by Martin Byrne against William McKeachie, to quiet title, and for rents and profits, and a perpetual injunction. From a judgment for plaintiff, on verdicts of jury, defendant appeals. Reversed and remanded, with instructions.

*French & Orvis,* for Appellant.

Assignments of Error numbered 18 and 19 may be argued together. They relate to orders made by the court of date July 28, 1911, Record p. 673 and Record p. 675. The order on page 673 relates to a rehearing granted upon a motion to set aside the order of July 11, 1911, found at Record p. 666. The orders found at pages 673 and 675 were based upon motion and upon affidavits of C. H. Dillon and A. H. Orvis found at pages 665, 666, 667 and 671, and objections made by French & Orvis at page 669. These affidavits, motions and objections relate to rulings of the court made after the trial of the action and verdict of the jury in which the court first makes an order finding that the case as shown by the pleadings at the time of the trial was an equity case and the order of July 11th is an order of the court stating that he would make findings at the proper time. The other affidavits, orders and objections are upon motion of Mr. Dillon, attorney for plaintiff, to set aside this order made of date July 11th. and to allow the plaintiff to amend his complaint, the amended complaint being found at pages 676 and 677. The order granting these motions was duly excepted to and are here for rehearing upon allegea error of the court in granting these motions.

It was conceded upon the hearing of the above motions and orders that under the issues presented by the pleadings when this case was tried, it was an equitable action, one in which neither party was entitled to a trial by jury. The court at the trial, claiming to follow Burleigh v. Hecht, 22 S. D. 301, decided that it was an action at law, one in which either party had the right to de-

mand a jury trial and accordingly over the protest of the defendant, submitted the case to the jury for general verdict.

A close examination of the opinion of the court in Burleigh v. Hecht, and an examination of the complaint in the case at bar will show that the court was wrong in holding that under the rule laid down in Burleigh v. Hecht, this case was an action at law as distinguished from one in equity. Some of the points decided in the case of Burleigh v. Hecht were expressly overruled by our supreme court in Kenny v. McKenzie, 127 N. W. 598, 25 S. D. 485. The points overruled are the following: First, that question of whether a case is an action at law or one in equity is to be determined by the complaint alone, the true rule according to Kenny vs. McKenzie, supra, being that this question is to be decided upon the issue to be tried and that if the plaintiff's legal cause of action is admitted and the answer sets up an equitable counterclaim by way of defense to what would otherwise be an action at law in favor of plaintiff, the issue to be tried is one in equity and neither party has the right to a jury trial.

Second: That an equitable defense or counterclaim may be set up against a pure action at law. In no other respect is the case of Burleigh v. Hecht overruled.

Since the decision of the Supreme Court in Burleigh v. Hecht other decisions by the supreme court of this state, viz.: Kenny v. McKenzie, supra, and Peters v. Lohr, 124 N. W. 853, 24 S. D. 605, and Grigsby v. Larson, 124 N. W. 856, 24 S. D. 628, have been decided, and under these cases if there could be any doubt about the rule under Burleigh v. Hecht, supra, there is no longer any question but what the case at bar at the time of trial was an equity action as distinguished from an action at law.

Since the decision of the cases last referred to, defendant moved the court to make findings. This in effect was giving to the court an opportunity to correct its erroneous decision made upon the trial of the case to the effect that the action was one at law instead of an action in equity. The court has since decided upon said motion, and it committed error upon the trial in holding that either party was entitled to a jury trial as a matter of right. An order has been made granting a rehearing on this motion.

What is the question now before the court? Plaintiff now resists the motion by asking leave to amend his complaint, so as to change the issues, and so as to tender such issues, if possible, that the case will be an action at law as distinguished from one in equity.

Suppose such amendment be granted. That would not cure the error committed by the court upon the trial. The ruling then made was upon the issues then presented by the pleadings, not upon such issues as might thereafter be presented by amended pleadings.

The amendment of plaintiff's complaint, if granted, for any purpose except to conform the pleadings to the proof, would be prejudicial error. It would be committing a second error for the purpose of trying to cure the error committed by the court upon the trial in holding that the issues for trial were issues at law as distinguished from equitable issues. That is really all there is in plaintiff's application to amend his complaint. It is not pretended that any amendment is needed to conform the pleadings to the proof and it cannot be truthfully contended that such an amendment as asked for would conform the pleadings to the proof. The proof submitted was relevant and competent under the issues as they were at the time of the trial. Can it be possible that a court can erroneously hold that an equitable issue is an issue at law and after having submitted the case to a jury for a general verdict, can, after trial, permit the complaint to be amended so as to present an issue at law, and in that way cure the first error? Can it be that such procedure would have such an effect as would make it the duty of the court to render judgment based on the general verdict? Two errors committed can not leave the case as if no error had been committed. A second error can never cure a first one. The first error of the court in holding that either party was entitled to a jury trial as a matter of right was prejudicial error against defendant. It can only be cured by ignoring the jury's general verdict. The court in any equity action may submit any or all of the specific issues to a jury in the form of questions to be answered by them, but has no right to submit all the issues to a jury for a general verdict, and if so

submitted, the court when its error is discovered should ignore that verdict and make its own findings of fact and conclusions of law.

The proposed amended complaint does not conform to the proof. It was intended to present an action for the recovery of specific real property and nothing else. The purpose of the proposed amendment clearly is to so change the issues that upon their face it will appear that the action is one in which either party was entitled to demand a jury trial as a matter of right.

The issue actually tried was an equitable issue. The complaint at this time cannot change that fact. The error committed at the trial will be rendered harmless by the court's ignoring the general verdict of the jury and making findings of fact based on the evidence. The amendment, if granted, will be prejudicial error against defendant. It will be granting an amendment of a pleading after trial not authorized by the statute, and the court if it grants this amendment must, to be consistent, render a judgment in favor of plaintiff based upon the general verdict.

It should be further remembered that if our contention heretofore made in this brief that the court erred in permitting the plaintiff to amend his complaint is right, then another principle is to be considered in this case, to-wit: That of the preponderance of the evidence.

We claim of course in this case that there is no evidence in the case sufficient to sustain either of the verdicts rendered by the jury or the judgment by the court, but this case was under the original pleadings clearly an equity case under the cases heretofore cited from the Supreme Court of our own state and the court below was clearly wrong, as we think, in permitting the defendant to amend his complaint and that the case is still an equity case. If so, this court will then consider the question of the preponderance of the evidence and beyond any question, the great preponderance of the evidence is on the side of defendant, and as we claim the only real evidence in the case is that given on the part of the defendant.

*T. J. Fitzgerald,* and *Dillon & Warren,* for Respondent.

At F. 110 appellant says that upon the hearing of the motions "it was conceded that under the issues presented by the pleadings when this case was tried, it was an equitable action, one in which neither party was entitled to a trial by jury." We deny that any such concession was ever made. Counsel then say that, "The court at the trial claiming to follow Burleigh v. Hecht, decided it was an action at law, one in which either party had the right to demand a jury trial and accordingly over the protest of the defendant submitted the case to the jury, for a general verdict." We also deny that the case was submitted to a jury over the protest of the defendant. The proceedings on the trial do not disclose that defendant ever demanded a trial by the court. We say, that the court did not err in holding under the original pleadings that the action was one at law. In any event, defendant consented to that mode of trial. The Kenny vs. McKenzie, (S. D.) 127 N. W. 598, case does not sustain counsel's contention because the legal title was admitted in the plaintiff and defendant sought to plead an equitable estoppel as a defense to the action. The court referring to the Burleigh vs. Hecht case said that the doctrine of laches did not apply to legal actions and referring to section 675 of the Code of Civil Procedure said: "This section was evidently designed as a substitute for the old action formerly known as ejectment and the equitable action to quiet title and is broader and more comprehensive than either of those actions."

The effect of the holding in Kenny vs. McKenzie is that where the legal title is admitted and the defendant seeks to hold the property upon the grounds of laches or estoppel in the counter-claim he may make the action an equitable one.

At folio 118 counsel say, that there is no longer any question that the case at bar, at the time of trial was an equity action. This assumption is not based upon the facts developed upon the trial, or upon the pleadings, because plaintiff claimed the ownership of specific property and the defendant claimed ownership of specific property. Neither of them alleged any equity cause of action.

At folio 120 counsel say, "Suppose such amendment be granted. That would not cure the error committed by the court upon the trial." Counsel overlooked the fact that they failed to get any ruling of the court on this subject.

At folio 122 counsel say, "Can it be possible that a court could erroneously hold that an equitable issue is an issue at law and after having submitted the case to a jury for a general verdict permit the plaintiff to so amend as to present an issue at law?" We answer that the court has permitted the amendment so that it may meet the case presented by both parties to the action, and that after having tried the action as one at law, it would not be an error to allow the amendment to correspond to the conduct of the parties at the trial.

At folio 127 counsel say, "The action was not a possessory action," still the court could allow the complaint to be amended so that it would be a possessory action. Assuming that the complaint did not state facts sufficient to constitute a cause of action, still the court after verdict could allow the complaint to be amended so as to be consistent with the facts proven on the trial. The court in allowing the amendment does so in conformity to the proof.

At folio 132 counsel say the error committed at the trial will be rendered harmless by the court ignoring the general verdict of the jury. Why should the court ignore the verdict of the jury, when the case was tried as an action at law and when the plaintiff was seeking to recover specific real estate and where the defendant claimed the right to specific real estate without presenting any equitable issues. The courts have uniformly held that amendments may be made changing an action from an equitable one to an action at law and vice versa.

The plaintiff was properly allowed to amend his complaint by changing the action to one of ejectment. On the trial of the case the court held that the action was one at law. The plaintiff under that theory produced his testimony, the defendant under the same theory produced his testimony, and the case was tried before a jury. Special findings were made upon every point of the case and a general verdict was returned. It is now claimed that the

court should have made findings and denied the plaintiff the right to change the prayer of his complaint. On the trial of the cause, if the court had ruled that the complaint was controlling and that the action was one in equity the plaintiff would not have gone to trial, but would have asked leave to amend his complaint. After verdict he asked leave to do what he would have done before the trial if the court had ruled it was an equity action. In other words, the plaintiff would not have tried his case as an equity case.

For test in determining whether the amendment should be allowed, see, 31 Cyc. 417. That amendment of this character should be allowed see 31 Cyc. 432, 439, 442 and 445. In Adams vs. Castle, (Minn.) 67 N. W. 637; Chaffee vs. Rutland Co., (Vt.) 45 Atl. 750; Briggs vs. Rutherford, (Minn.) 101 N. W. 954; Higgins vs. People, (Colo.) 31 Pac. 951; Raymond v. Toledo Ry. Co., (Ohio) 48 N. E. 1093; Walsh v. McKeen, (Cal.) 17 Pac. 673; Newman v. Covenant Ins. Association, 14 Am. St. 196; Blook v. Fairbanks, 48 Cal. 171; Barnes v. Hekla Ins. Co., 39 N. W. 122; Porter vs. Fillebrown, (Cal.) 51 Pac. 322, so the plaintiff may change an action in ejectment to one in equity; Scroggins v. Johnson, (Neb.) 64 N. W. 236; Steere v. Gingery, (S. D.) 123 N. W. 865; Terry v. Brightman, 133 Mass. 536; Merrill v. Beckwith, 46 N. E. 490.

We submit that this action especially under the amended complaint is an action at law for the recovery of specific real estate. The plaintiff was entitled to his constitutional right of a jury trial. The cause was tried by a jury and the findings were all in plaintiff's favor and the lower court has sustained the verdict of the jury. The jury having heard the witnesses and passed upon the disputed questions of fact and the findings having been sustained by the court, this court ought not to review the testimony in the cause.

McCOY, P. J. Plaintiff brought this action to determine adverse title and claim to a certain strip of real estate lying between the N. W. ¼ of section 27, in township 95, north of range 55, in Yankton county, and the N. E. ¾ of section 28 in said

township, and alleges in his complaint that he is the owner in fee and entitled to the possession of said real property, and that defendant claims an interest or estate therein adverse to plaintiff, but which claim of defendant is without right; that defendant about 10 years ago entered into possession of said land and has occupied and used the same; and that the value and use of such occupation is $1,000. Wherefore plaintiff demands judgment for the sum of $1,000; and that defendant be required to set forth the nature of his claim; that all adverse claims of defendant may be determined by a decree of this court; that it be decreed and adjudged that defendant has no estate or interest whatever in and to said real estate; that the title of plaintiff is good and valid; that the defendant be forever enjoined and debarred from asserting any claim whatever in and to said land adverse to plaintiff; and for such other relief as plaintiff may be entitled to, and for costs To this complaint defendant answered denying the portions of said complaint not admitted; admitted that defendant claimed an interest and estate in said real property; alleged that he had been in the open and notorious possession of said land for more than 30 years, occupying and cultivating the same, and that no part of plaintiff's cause of action accrued within 20 years; and, as a counterclaim, alleged ownership in fee in himself, and demanded judgment that defendant be declared and adjudged to be the owner in fee of said land, and that plaintiff be forever enjoined and debarred from asserting any claim or title whatever thereto adverse to defendant, and for costs. Plaintiff made reply denying the portions of the counterclaim not admitted. From the pleadings and from the evidence it appears that there is a dispute between plaintiff and defendant as to the true location of the boundary line between said quarter sections of land; that, if said boundary line is located where the same is claimed to be by plaintiff, then plaintiff is the owner of said strip of land, while, on the other hand, if said boundary line is located where claimed to be by defendant, then defendant is the owner of the disputed strip of land in controversy. At the beginning of the trial, over the protest of defendant, a jury was called and impaneled, and the cause tried before a jury. A general and special verdict was rendered by the

jury in favor of plaintiff, in effect, locating the boundary line between said quarter sections of land as claimed by plaintiff. After the rendition of the verdicts and discharge of the jury, and before the rendition of judgment, defendant moved the court that the court make findings of fact and conclusions of law, as in an equity suit, in favor of defendant. Thereafter, based upon said motion, the court made the following order: "Defendant's motion to the court for findings in the above-entitled action, based on all the pleadings and evidence in said case, having been regularly brought on for hearing before the court, French & Orvis appearing in support of said motion, and C. H. Dillon in opposition thereto, and the court, after examining and considering the pleadings in said action and hearing the arguments of counsel and being of the opinion that said pleadings show said action to be an equity action as distinguished from an action at law and one in which the court should make findings of fact and conclusions of law based upon the evidence in said case, it is therefore ordered that findings of fact and conclusions of law be hereafter made and filed after the parties shall have been heard, to which order plaintiff excepts and his exception is hereby allowed. That the decision on this motion was made and announced to attorneys for respective parties on or about the 15th day of March, 1911, but counsel drew no formal order thereon until this date, July 11, 1911. It is therefore ordered that defendant's order be as of March 15, 1911. Done in open court this 11th day of July, 1911. By the court, R. B. Tripp, Judge." Thereafter the plaintiff moved the court, before rendition of judgment, to set aside, vacate, and annul the foregoing order, made July 11th, and to permit plaintiff to amend his complaint to conform with the rulings of the court made on the trial of said cause and to conform to the proofs and evidence offered in said cause and to conform to the theory, on which said cause was tried, that said cause was tried by plaintiff and defendant upon the theory that it was an action at law. This motion of the plaintiff was granted, and the order of July 11th canceled and set aside, and plaintiff permitted to amend his complaint setting up a cause of action at law, purely in ejectment, for the possession of said land in controversy. To

this ruling of the court defendant objected and excepted. There-
after the court rendered judgment upon the verdicts of the jury in
favor of plaintiff as in an action at law tried before the court
and jury.

[1] Defendant appeals, contending that the court erred in
canceling and setting aside the said order of July 11th, and in
permitting plaintiff to amend his complaint thereby changing the
nature of the cause of action from a chancery of equitable action
to an action at law, and in rendering judgment without findings of
fact and conclusions of law, as required in an equity action. We
are of the opinion that appellant is right in this contention.

It will be observed, from the original pleadings, both com-
plaint and answer, that every material issue raised was inherently
on the equity or chancery side of the court, triable by the court
without a jury. The very nature and substance of the relief
sought, both by the original complaint and answer, was only such
as could be administered and granted by the court in the exer-
cise of its equity jurisdiction.

[2] Under the pleadings and issues, as originally made up
and on which the case was tried, neither party was entitled, as a
matter of constitutional or statutory right, to a trial by jury. In
an equity case, however, the court may in its discretion call a
jury to assist the court in determining disputed questions of fact;
but in that case the verdict or finding of the jury is advisory
only, and does not relieve the necessity, under section 276, C. C.
P., of findings of fact and conclusions of law in writing signed by
the court as a basis for the judgment rendered. "The parties are
entitled to the opinion of the chancery court upon the issues of
fact as well as upon the issues of law, even when the issues of
fact have been submitted to a jury. It is, accordingly, error for
the chancery court, acting in a merely ministerial capacity, to
enter a decree simply on the jury's verdict. On the contrary,
the decree which the court enters upon the return of the verdict
must be its own decree, based upon its own knowledge of the
facts, and it can treat the verdict of the jury only as an opinion
on the facts which it is at liberty to consult." 16 Cyc. 425;
McNaughton v. Osgood, 114 N. Y. 574, 21 N. E. 1044. The facts

found by the jury, in a case triable by the court, must be approved by the court before they can be made the basis of a judgment, and if approved, they become, by adoption, the findings of the court. Vermilyea v. Palmer, 52 N. Y. 471; McClave v. Gibb, 157 N. Y. 413, 52 N. E. 186.

[3] It cannot be contended that the court in this case adopted the findings of the jury as its own, because it appears that in rendering judgment, after the amendment of the complaint, the court treated the verdict of the jury as rendered in a law action wherein the verdict is binding on the court.

[4] The system of trial by the court in equity suits, as it exists in this state, came to us from the New York Feld Code, and is in substance the same in this state as in that. 3 Wait's Pr. 212; Wait's Ann. N. Y. Code, §§ 266-267. The same system of trials in equity suits exists in California, where decisions of like import may be found. Kerr's Ann. Cal. Code, §§ 592, 631, 632; Learned v. Castle, 67 Cal. 42, 7 Pac. 34; Warring v. Freear, 64 Cal. 54, 28 Pac. 115; Bell v. Marsh, 80 Cal. 414, 22 Pac. 170. While, by the statute of this state (section 36, C. C. Pr.), as well as by the statutes of New York, California, Wisconsin, and other states, distinctions between actions at law and suits of equity are abolished, still this statutory abolition of distinctions applies to the form of the action only. and not to the inherent substantive principles which underlie the two systems of procedure. Anderson v. Chilson, 8 S. D. 64, 65 N. W. 435; Craigo v. Craigo, 22 S. D. 417, 118 N. W. 712. In the action at law the court is bound by the verdict, and the rendition of judgment thereon is ministerial. In the equity suit the court is not bound by the verdict or findings of the jury, but may adopt or reject the same. On appeal the method of review is different; in the equity action the court reviews the evidence to ascertain whether the findings of the lower court are sustained by a clear preponderance of the evidence, while in the law action the court reviews the evidence to ascertain whether there is any evidence to sustain the verdict, regardless of the preponderance. The effect of the admission of immaterial or improper evidence, the effect of the instructions to the jury, are different in the two systems. All these distinctions are still

recognized and in 'force and practiced by the courts, notwithstand-
ing that all the distinctions as to the form of actions at law and
suits in equity have been abolished.  It is contended by respondent
that the amendment to the complaint was for the purpose of con-
forming the pleadings to the evidence of both parties, and to con-
form the pleadings to the law case as tried in the lower court by
both parties.  In this case, as it must be observed, it happens that
the evidence which might be submitted by the contending parties
pro and con would be very similar, whether the action be in equity
to determine adverse title with perpetual injunction, or whether the
action be on the law side of the court to recover the possession
of specific' real · property.  The evidence would conform to one
action as well as to the other.  The evidence in this case was all
submitted while the pleadings showed the action to be on the
equity side of the court and conformed to the issues as the plead-
ings existed at that time.  Therefore there is no force in the con-
tention that the amendment to the complaint was permissible under
the rule allowing amendments, after trial, for the purpose of con-
forming the issues to the evidence, where evidence has been re-
ceived without the scope of the pleadings, as the pleadings existed
at the time of the trial.  In this case the evidence, when offered,
was strictly within the scope of the issues and conformed thereto.
The only effect of the amendment, in this particular, being to make
the evidence which did conform to the issues at the time of the
trial, also conform to the issues of another form af action, dif-
ferent in nature and method of procedure, not in existence at the
time of the trial.

The assertion is made that the suit was tried in the lower
court by both parties as an action at law, but there is nothing in
the record to justify such assertion.  The case was also tried
in the lower court by both parties, in every particular, just the
same as it might have been tried as a suit in equity.  The cause
was tried in the lower court on the original pleadings, which re-
quired defendant to come into court and show by what title or
estate he claimed the land in controversy; which original plead-
ings asked the court to decree and declare that plaintiff's title
was superior to that of defendant, and for an injunction forever

restraining and debarring defendant from claiming title against plaintiff. This is the theory on which both parties tried the case.

[5] Courts at law do not now and never had power or jurisdiction to compel a defendant to come into court and show by what title or estate he claimed to own real property; courts at law do not decree and declare titles, and do not grant "forever" or perpetual injunctions. These remedies are all on the equity side of the court by virtue of its equity jurisdiction. True, a jury was called and impaneled, the same as in an action at law; but a jury may be called in that way in an equity suit, whose verdict and findings are only advisory to the court, and still, nevertheless, leaving the action on the equity side of the court to progress and be determined according to the methods of equity case procedure. From the language used in the order of July 11th, it is quite evident the trial court considered that up to that point in the proceedings it was an equity action with equtiy pleadings. At the time this suit was being tried, there was no power or jurisdiction to try the case other than as an equity suit. The issues as framed by the pleadings at that time must govern and determine the nature of the trial. We do not wish to be understood as holding that prior to trial, or even on trial, upon proper application and showing, a complaint could not under any circumstances be amended so as to change the nature of the action from the equity to the law side of the court, or vice versa; but on this question we do not deem it necessary to express an opinion, but do hold that, after a cause has been completely tried out on the pleadings, which could not be other than on the equity side, and could not be other than to call into exercise the equity jurisdiction of the court, it is then too late to permit an amendment that would change the nature of the action from an equity suit to an action at law to the prejudice of one of the parties by depriving him of the right to findings made by the court, and also depriving him of the right to have the cause reviewed on appeal under the rules and methods of review on appeal in equity cases. It seems to be generally held that an amendment which changes the cause of action from the law to the equity side of the court will not be permitted after trial. 31 Cyc. 414-432. Gibbons v. Denver Brokerage Co., 17 Colo.

App. 167, 67 Pac. 913; Gates v. Paul, 117 Wis. 170, 94 N. W. 55; Carmichael v. Argard, 52 Wis. 607, 9 N. W. 470; Gilman v. Gross, 97 Wis. 224, 72 N. W. 885; North Side Loan Co. v. Nakielski, 127 Wis., 539, 106 N. W. 1097; Zoller v. Kellogg, 66 Hun, 194, 21 N. Y. Supp. 226; Matthews v. Rund, 27 Ind. App. 641, 62 N. E. 90; Anderson v. Chilson, 8 S. D. 64, 65 N. W. 435; Craigo v. Craigo, 22 S. D. 417, 118 N. W. 712.

The judgment appealed from is reversed, and the cause remanded, with directions that the trial court make findings of fact and conclusions of law as required by section 276, C. C. Pr., upon the evidence already submitted on the trial.

SMITH, J., took no part in this decision.

CORSON, J. (dissenting). I am unable to concur in the views expressed by the majority of the court that this action is to be treated as an equitable action, and that the court was in error in setting aside and vacating its order of July 11th requiring findings of fact and conclusions of law and disregarding the verdict of the jury. In my judgment the action was in effect a legal action, and the issues presented were legal issues only, and no equitable issues were involved in the case. It is true that plaintiff in his complaint sets out certain facts which might in a proper case raise equitable issues therein, but it will be noticed that in this case the plaintiff claimed to be the owner of the strip of land which he alleged was in the possession of and unlawfully withheld by the defendant, and in effect he demanded judgment for the possession of that strip of land and $1,000 for the unlawful detention of the same. This was all it was necessary for the plaintiff to allege to entitle him to recover in the action.

The defendant in his answer, after making certain denials, admitted that the defendant claimed an interest and estate in said real property; alleged that he had been in open and notorious possession of said land for more than 30 years, keeping and cultivating the same, and that no part of the plaintiff's cause of action accrued within 20 years; and as a counterclaim alleged ownership in fee in himself and demanded judgment that the defendant

be declared and adjudged to be the owner of said land and that the plaintiff be forever barred, etc.

It will be observed that the defendant in effect denied the plaintiff's ownership, pleaded the statute of limitations, and alleged as a counterclaim that he was the owner in fee of the strip of land claimed by the plaintiff. This in effect was a general denial of the ownership of the property and right to its possession which could have been proven under a general denial. It will thus be seen that the only issues in the case were as to the ownership of the land, statute of limitations, and the value of the rents and profits.

It was claimed by counsel for the plaintiff that the case was tried by the court upon the theory that it was an action at law and not an action in equity, and that, in my judgment, was the true theory upon which to try the case, and it was clearly proper for the court to treat all the allegations in the complaint, other than plaintiff's claim of ownership and right to possession and that defendant was unlawfully withholding the same from the plaintiff, as surplusage that might have been stricken out on motion. The order, therefore, made by the court upon the defendant's motion to make findings, etc., treating the case as an equitable action, was clearly erroneous, and in my opinion was properly vacated and set aside, and the motion of the plaintiff for leave to amend his complaint by striking out the immaterial allegations was properly granted.

In construing pleadings it is proper for the court to consider the actual issues presented therein and to disregard any immaterial and redundant matter set up in the pleadings which do not have the effect to raise a material issue in the case, and such the court seems to have properly done in the case at bar. In my opinion he gave the proper construction to the pleadings and committed no error by allowing the complaint to be amended by eliminating therefrom the immaterial and unnecessary matter contained therein, and no prejudice could have resulted to the defendant by allowing such an amendment, as it changed no issue in the case and left the case in the precise condition it was evidently understood to be by both parties on the trial of the ac-

tion, viz., that the real issues in the case were as to whether the plaintiff or the defendant was the owner of this strip of land and as to whether or not the 20-year statute of limitations was a bare to the action, and, if the plaintiff was found to be the owner, the amount of the damages he sustained by reason of the unlawful withholding of possession by the defendant. These were the only issues involved in the action, and the fact that the plaintiff had pleaded certain other matters not necessary to be set out in this complaint would not change the case. The court therefore properly disregarded these immaterial, irrelevant, and redundant matters.

In my judgment, therefore, the order of the court permitting the plaintiff to amend the complaint, and its refusal to make findings, and its entry of judgment upon the verdict of the jury, were clearly right.