DAKOTA LIFE INSURANCE CO. et al, Respondents, v.
MORGAN et al, Appellants.

(199 N. W. 43.)

(File No. 5200.   Opinion filed May 15, 1924.)

1. **Action—Insurance—Equity—Verdict—Rescission—Action to Recover Money Paid Under Insurance Policy Held Properly Treated as One in Equity and Verdict Disregarded.**

     Action to recover money paid under an insurance policy because of false representations that insured was quarter-breed Indian, where to recover plaintiff was required to establish a rescission or cancellation of the policy, held one in equity such that the court properly disregarded special and general verdicts of jury and entered findings of fact and conclusions of law.

2. **Insurance—Fraud—Under Statute, False Warranty Vitiates Policy, Though False Representation Must Be Material to So Operate.**

     Under Rev. Code 1919, Sec. 9335, a false warranty in application for insurance policy vitiates it, whether material or immaterial, while a false representation to so operate must be material.

3. **Insurance—Findings of Fact—Findings Failing to Determine Falsity and Materiality of Representations Held Insufficient.**

     In action to recover money paid under insurance policy because of alleged false representations that insured was quarter-breed Indian, findings of the court which did not determine falsity or materiality of representation held insufficient to sustain judgment for plaintiff.

4. **Insurance—Fraud—Waiver—Payment of Policy Held Not Waiver of False Representations of Insured Precluding Recovery of Payment.**

     A waiver cannot be based upon acts induced by fraud or presumed under mistaken belief or in ignorance of facts, and an insurance company, by paying a policy on receipt of proof of death of insured, did not waive its rights because of subsequently discovered false representations made in procuring the policy.

     Dillon, J., dissenting.

Appeal from Circuit Court, Charles Mix County; Hon. R. B. TRIPP, Judge.

Action by the Dakota Life Insurance Company and the Southern Surety Company against B. V. Morgan, administrator

of the estate of Jesse P. Kezena, deceased, and others. From judgment for plaintiffs and order denying a new trial, defendants appeal. Reversed and remanded.

*Caster & Cassidy,* of Lake Andes, and *L. E. Corey,* of Wagner, for Appellants.

*Hanten & Hanten,* of Watertown, and *F. B. Morgan,* of Wagner, for Respondents.

(1)   To point one of the opinion, Appellant cited: Grigsby v. Larson, 124 N. W. 856; Sec. 2492, Rev. Code 1919; Kenney v. McKenzie, 127 N. W. 597; Davison v. Associates of the Jersey Co., 71 N. Y. 333; People v. Railroad Co., 57 N. W 161; Des Moines Life Ins. Co. v. Seifert, 210 Ill. 157, 71 N. E. 349; 14 Ruling Case Law 1412; Woefle v. The Sailors, 102 S. W. 1109, 12 L. R. A. (N. S.) 881; Bankers' Reserve Life Co. v. Omberson, 123 Minn. 285, 143 N. W. 735, 48 L. R. A. (N. S.) 265; Hope v. Maccabees, 102 Atl. 689, 1 A. L. R. 455; Bierman v. Guaranty Mut. Life Ins. Co. (Ia.), 120 N. W. 963; Aetna Life Ins. Co. v. Smith, 73 Fed. 318; Johnson v. Swank (Wis.), 107 N. W. 481, 5 L. R. A. (N. S.) 1048; Cable v. U. S. Life Ins. Co., 191 U. S. 288; Phoenix Ins. Co. v. Bailey, 13 Wall. 616; Lawler v. Merritt (Conn.), 72 Atl. 143; Imperial Ins. Co. v. Gunning, 81 Ill. 236; Globe Ins. Co. v. Reals, 79 N. Y. 205; N. Y. Mutual Life Ins. Co. v. Armstrong, 117 U. S. 591.

Respondent cited: 24 Cyc. 117; Thomas v. Ryan, 24 S. D. 71, 123 N. W. 68; Purcell v. International Harvester Co., 37 S. D. 517, 159 N. W. 47.

(2)   To point two, Appellant cited: Joyce on Insurance, Vol. III, Sec. 1916; Penn Mutual Insurance Co. v. Mechanics Savings Bank & Trust Co., 72 Fed. 413; Hermany v. Ins. Assn., 15 Pa. St. 17, 24 Atl. 1064; National Live Stock Ins. Co. v. Owens (Ind.), 113 N. E. 1024; Spence v. Central Accident Ins. Co., 236 Ill. 44, 19 L. R. A. (N. S.) 88; Moular v. American Life Ins. Co., 111 U. S. 335; Brignac v. Pacific Mut. Life Ins. Co., 36 So. 595, 66 L. R. A. 322; Merchants Reserve Life Ins. Co. v. Richardson (Ind.), 118 N. E. 576; Donahue v. The Mutual Life Ins. Co., 37 N. D. 203, 164 N. W. 50; Beeler v. Supreme Tribe of Ben Hur, 184 N. W. 917; Law of Insurance, Vol. 3; Southern Union Life Ins. Co. v. White, 188 S. W. 266; Patterson v. Ins. Co., 100 Wis. 118, 75 N. W. 980; Mass. Ben. Life Assn. v.

Robinson, 104 Ga. 256; Duval v. Natl. Ins. Co. of Mont. (Id.), 154 Pac. 632; Welch v. Union Cent. Life Ins. Co., 78 N. W. 853; Reagan v. Union Mut. Life Ins. Co., 189 Mass. 555; Nat. Annuity Assn. v. Carter, 96 Ark. 495; Bliss on Life Insurance, Secs. 253, 254; New York Life Ins. Co. (R. I.), 78 Atl. 554; Citizens Life Ins. Co. v. McClure, 127 S. W. 749; Drews v. Metropolitan Life Ins. Co., 75 Aalt. 167; Wright v. Mut. Ben. Assn., 118 N. W. 237.

Respondent cited: Knutson et al v. Grand Council of Northwestern Legion of Honor, 7 S. D. 214, 63 N. W. 911; Erickson v. Ladies of the Maccabees, 25 S. D. 183; Satterlee v. Modern Brotherhood (N. D.), 106 N. W. 561; Van Woert v. Modern Woodmen, 151 N. W. 224; House v. Bankers Reserve Life, 43 S. D. 440; McKay v. New York Life, 124 Cal. 271; Collins v. Metropolitan Life, 55 Atl. 291; Kabok v. Phoenix Mutual, 4 N. Y. S. 718; Westphall v. Metropolitan Life Ins. Co., 27 Cal. App. 734, 151 Pac. 159; Equitable Life v. McElroy, 83 Fed. 631, 28 C. C. A. 365; Whitney v. West Coast Life Ins. Co., 177 Cal. 74, 80, 169 Pac. 997; 14 R. C. L. 1026; Spence v. Central Acc. Ins. Co., 19 L. R. A. (N. S.) 91; Met. Life Ins. Co. v. Brubaker, (Kan.), 18 L. R. A. (N. S.) 263; Crosse v. Supreme Lodge, 45 L. R. A. (N. S.) 162, 98 N. E. 261; Nelson v. Nederland Ins. Co., 81 N. W. 807; Supreme Lodge v. Payne, 15 L. R. A. (N. S.) 1277.

(4) To point four, Appellant cited: May on Insurance, 4th Ed., Vol. 2, Sec. 575; Ostrander on Fire Insurance, 2d Ed., Sec 213; Angell on Fire and Life Insurance, Sec. 409; Joyce on Insurance, Vol. V, Sec. 3486; Phillips on Insurance, Vol. 2, Sec. 1815; Mutual Life Insurance Co. v. Wagner, 27 Barb. 354; Stache et al v. St. Paul F. & M. Ins. Co., 49 Wis. 89: Smith v. Glen Falls Ins. Co., 62 N. W. 85; National Life Ins. Co. v. Minch, 53 N. Y. 144; Michigan Idaho Lumber Co. v. Northern F. & M. Ins. Co., 35 N. D. 244, 160 N. W. 130; Commercial Bank v. Fireman's Ins. Co., 87 Wis. 297; Phoenix Ins. Co. v. Van Allen, 29 Ill. App. 149; National Life Ins. Co. v. Minch, 53 N. Y. 144; Dunn v. Commonwealth Ins. Co., 49 Wis. 89; Columbus Ins. Co. v. Walsh, 18 Mo. 229; Mayhew v. Phoenix Ins. Co., 23 Mich. 105; American Ins. Co. v. Crawford, 89 Ill. 62; Harris v. Equit-

able Life Ins. Co., 64 N. Y. 196; Phoenix Ins. Co. v. Taylor, 5 Minn. 492.

Respondent cited: Iowa Loan & Trust Co. v. Schonsee, 19 S. D. 248, 103 N. W. 22, 9 Ann. Cas. 255; U. C. T. v. McAdam, 125 Fed. 358, 65 C. C. A. 22; Van Woert v. Modern Woodmen (N. D.), 151 N. W. 224; Mutual Fire Ins. Co. v. Pagenkoff (Mich.), 182 N. W. 18; Kennedy v. Grand Fraterity, 25 L. R. A. (N. S.) 85; Goodberg v. West Assur. Co., 10 L. R. A. (N. S.) 876, 89 Pac. 130; N. Y. Life Ins. Co. v. Eggleston, 96 U. S. 572, 24 L. ed. 841; Phoenix Ins. Co. v. Grove, 25 L. R. A. (N. S.) 1; Smith v. St. Paul F. & M. Ins. Co., 13 N. WW. 355; Lawver v. Globe Mut. Ins. Co. (S. D.), 127 N. W. 615; Noem v. Equitable Life Ins. Co., 157 N. W. 309; Bently v. Edwards, 144 N. W. 1044, 51 L. R. A. (N. S.) 261; Capital Fire Ins. Co. v. Shearwood, 87 Ark. 326, 112 S. W. 878; Bingler v. Ins. Co., 61 Pac. 673; Stringham v. Mutual Ins. Co. (Kan.), 75 Pac. 822.

POLLEY, J. This action was brought for the recovery of $20,000 that had been paid by plaintiff to defendant Morgan on a life insurance policy issued by plaintiff, a life insurance company, to one Jesse Kezena during his lifetime. The policy was issued in June, 1920, and was for $10,000, but contained a double indemnity clause in case of death by accident. The policy was issued upon a written application made by the insured which, among other things, contained the statement that the insured was a "¼-breed Indian." During the month of November, 1920, the insured was killed by the accidental discharge of a shotgun. Proof of the death and the cause thereof was made to the plaintiff company, whereupon plaintiff immediately forwarded the full sum of $20,000 to defendant Morgan as administrator of the estate of the said insured in payment of the said policy. Shortly thereafter plaintiff learned that the insured was not a quarter-breed Indian but was, in fact, a full-blood, or nearly full-blood, Indian. Thereupon plaintiff, claiming to have relied upon the statement in the application that the insured was only a quarter-breed Indian, and that had it known that the insured was more than a quarter-breed Indian it would not have issued said policy, demanded a return of the money so paid upon the policy. This was refused, and plaintiff commenced this action to compel a return thereof. Plain-

tiff had judgment, and from such judgment and order denying a new trial defendants appeal.

The first question to be determined is one of practice. In its complaint plaintiff alleged that it was contrary to its rules to insure or accept as risks Indians of the full blood or the half blood or Indians of more than quarter blood, and that had it known at the time of the issuance of the policy that the applicant was more than a quarter-blood Indian it would not have issued said policy; that at the time of the issuance of said policy, plaintiff believed and relied upon said statement that the applicant was only a quarter-blood Indian and that said statement and the belief in the truth thereof was the inducement that induced plaintiff to issue said policy; that the said statement was false and fraudulent, and worked a fraud upon the plaintiff, and that because of such fraud plaintiff was entitled to have said policy canceled and the money paid on account thereof, less the premium that had been paid by the insured returned. Plaintiff noted the case for trial as an issue of fact for the court, while defendants noted it as a jury case. At the trial a jury was impaneled and the evidence introduced. At the close of the evidence the court decided that the case was an equity case and that findings of fact and conclusions of law should be made; but special findings were submitted to the jury. The jury found for the defendant on the special findings and also returned a general verdict in favor of the defendants. Plaintiff thereupon moved the court to disregard the special and general verdicts of the jury and to make and enter findings of fact and conclusions of law and to enter judgment thereon for the plaintiff notwithstanding said verdicts. This motion was granted, and defendant assigns error.

[1] Defendants contend that this is simply an action for money had and received, and that no question of equity or any matter to take the case to the equity side of the court is involved. It is true that so far as the final relief is concerned plaintiff is merely asking for a return of the money it had paid on the policy involved. But whether it is entitled to such relief depends upon whether the policy was issued in the first instance, and the money paid thereafter, under the mistaken belief that the insured was only a quarter-breed Indian. With the policy in force and the proof of death of the insured unquestioned, the plaintiff is entitled

to no relief whatever; therefore it is necessary that plaintiff in some other manner dispose of the policy. This could only be done by a rescission or cancellation of the policy. Under the well-recognized rule, this can only be done by an appeal to the equity side of the court. This question was settled, finally, we think, in Byrne v. Keachie, 29 S. D. 476, 137 N. W. 343, and further discussion of the matter would profit no one. Under the pleadings, the case was properly a court case as designated by plaintiff in its note of issue, and the trial court followed the proper practice.

. The only other question to be considered relates to the effect of the statement in the application that the insured was a quarter-breed Indian. It is claimed by plaintiff that in making this statement the insured fraudulently and intentionally represented himself to plaintiff to be only one-quarter Indian; that said representation was taken as true and was believed and relied upon by plaintiff, and was the inducement to plaintiff to issue said policy; but that nevertheless the said statement was false and was known by the said insured to be false; that said statement was material to the risk; and that said policy would not have been issued if it had appeared in said application, or had plaintiff known, that applicant was more than a quarter-breed Indian.

Upon this issue the trial court found as a fact that—

"The insured at the time of making said application was not a ¼-breed Indian, and the said statement was not true, in that the said insured was more than a quarter-blood Indian."

This finding of fact is supported by the overwhelming weight of the evidence, if indeed it is not wholly undisputed. But the findings do not go far enough. The policy contains the following provision, which is also a part of the statute itself (section 9335, Code 1919):

"All statements made by the insured shall in the absence of fraud be deemed representations and not warranties and no such statement shall avoid this policy unless it is contained in a written application and a copy of such application shall be indorsed upon or attached to this policy when issued."

[2] The last clause of this section is ambiguous, and could be construed to mean that any untrue representation should vitiate the policy. But in view of the distinction that is made between

representations and warranties in the first part of the paragraph, we do not believe the Legislature intended that it should be so construed. The difference between representations and warranties in this form of policy is that, if a warranty is false, it vitiates the policy, whether material or immaterial, while a representation, to avoid the policy, must be material to the risk.

[3] There is no finding that the false statement contained in the application was fraudulently made. If such statement was false and material to the risk, then it constituted a fraud on the insurer, such as is contemplated by the above-quoted paragraph of section 9335. But in order to constitute fraud or to avoid the policy, such statement must be both false and material, and in the absence of a finding on these points the judgment is not supported by the findings of fact. The trial court should also have found, approximately at least, the degree of Indian blood of the insured, and whether such fact was material to the risk.

[4] It is contended by appellant that by paying the policy after the death of the insured occurred plaintiff waived the right to rescind, and cites many authorities in support of such proposition. But a waiver can never be based upon acts that are induced by fraud, or that are performed under a mistaken belief of or in ignorance of the facts. Von Woert v. M. W. A., 29 N. D. 441, 151 N. W. 224; Fire Insurance Co. v. Pagenkoff, 213 Mich. 157, 182 N. W. 18. Plaintiff acted with reasonable promptness after learning the facts upon which it based its right to rescind.

The cause will be remanded to the trial court, with directions to make findings on each of the points above indicated, and for the purpose of aiding the court in making findings, either or both parties may furnish such further evidence as they may deem necessary.

The judgment appealed from is reversed.

DILLON, J. (dissenting). I can see no good reason for directing a new trial in this case. Neither can I agree with the assumption "that plaintiff acted with reasonable promptness after learning the facts upon which it based its rights to rescind." While it is true that the court failed to find the degree of Indian blood possessed by the insured, this record, however, disclosed a

general verdict in favor of the defendants, besides specific findings upon the material facts of the case. The case was one for money had and received. In my judgment the court erred in holding that the case was one for the court on the chancery side. It seems clear that it was a case wherein the parties had the right of jury trial.

The statement "¼-breed Indian" should be treated as a representation and not as a warranty. Under the old rule, possibly such statement might have been held to be a warranty, where the parties so stipulated; but this rule does not obtain in this state. Section 9335, C. L., provides:

"All statements made by the insured shall in the absence of fraud be deemed representations and not warranties."

This provision is found in the standard form of life insurance policies and becomes a party of every policy. This legislation was passed expressly for the purpose of removing the rigor and hardship that was imposed upon the policy holders, by making everything pertaining to health and family history a warranty. Since the adoption of the standard policy, the representations sufficient to avoid the policy must be made with a fraudulent intent and must also be material to the risk. These are questions of fact actually passed upon by the jury. The court should not, as a matter of law, permit life insurance companies to engage in the business of insuring the lives of our Indian people, and, after receiving the premium, wait until the death of the insured and then, after proof of loss, adjust the loss and pay the policy in full and, after doing so, bring an action for a return of the money so paid. The very purpose of the standard policy was to require investigation to be made before payment rather than afterwards.

The mother of Jesse P. Kazena in her testimony could not and did not give any testimony as to the exact degree of Indian blood in that of herself or her son. In view of this, failure of proof, and the findings of the jury, the lower court should be directed to enter judgment for the defendants.

The evidence wholly fails to justify the findings that the statement contained in the application of the insured, that he was "¼-breed Indian," was untrue or that the insured was more than "¼-breed Indian." The jury found that this statement was true,

and upon this issue the defendants were entitled to their judgment.

The highest function of the court should be to administer. justice and not to engage in hairsplitting contests for the purposes of ascertaining the degree of Indian blood that may be possessed by the insured, especially when investigation, adjustment, and payment of the loss had been made.

The evidence in this regard is clearly sufficient to sustain the verdict of the jury. The lower court should be directed to enter, judgment on the trial already had, without the further burden and delays of a new trial.

Note.—Reported in 199 N. W. 43. See, Headnote (1), American Key-Numbered Digest, Action, Key-No. 25(2), 1 C. J. Sec. 175; (2) Insurance, Key-No. 265, 25 Cyc. 807; (3) Insurance, Key-No. 601, 25 Cyc. 955; (4) Insurance, Key-No. 399, 25 Cyc. 859.