# SUPREME COURT.

## SAMUEL TUTON agt. WILLIAM THAYER.

*Guaranty of payment and collection of a note.*

A *guaranty* indorsed on a promissory note in the following words: "For value received I guarantee the payment and collection of the within note, with costs, if any made," *held* to be a guaranty both of payment and collection.

The holder has his election to proceed, in the first instance, either against the maker or against the guarantor, and if he does proceed against the former and fails to collect, he has his remedy against the latter, as well for the costs of the former action as for the debt.

*Monroe Special Term, August,* 1873.

THIS is an appeal from an order made by the Monroe special term on the 28th day of August, 1873, denying a motion made by the defendant for a new trial.

The cause was tried before justice DWIGHT and a jury at the Yates circuit, in November, 1872, and the plaintiff recovered a verdict for $207.07.

The action was brought to recover on a guaranty executed by the defendant and delivered to the plaintiff of a note made by Joseph Thayer for $150, payable to the defendant, or bearer. The guaranty was in these words:

"For value received I guarantee the payment and collection of the within note, with costs, if any made." ·

(Signed)          "WILLIAM THAYER."

The only question to be presented is as to the construction that should be given to this guaranty, the defendant claiming it should be *limited* to one for collection solely.

*D. B. Prosser*, counsel for defendant and appellant.

I. The complaint does not contain facts sufficient to constitute a cause of action against the defendant; because,

1st. There is no allegation in the complaint when said note, guaranteed by the defendant, became due and payable.

Even if the defendant's undertaking could be construed as one of payment, no action could be sustained against the defendant until after the note had become due and payable.

2d. There is no allegation in the complaint that any attempt had been made to collect the same of the maker.

If the undertaking of the defendant was a guaranty of collection simply, it is clear that before the plaintiff could proceed against the defendant, the remedy against the maker must first have been exhausted, and which fact must be alleged in the complaint.

The fact that the complaint does not state facts sufficient to constitute a cause of action may be taken advantage of in any stage of the proceedings (*Code*, § 148).

II. The court erred in refusing to nonsuit the plaintiff, and in refusing to instruct the jury as requested by the defendant's counsel; because,

1st. The legal effect of the undertaking on the part of the defendant was a guaranty of the collection with costs, after due and proper proceedings had been taken to collect the note of the maker.

In construing the contract and agreement of parties, their intention is to control, if such intention appears upon the face of the agreement.

In the case now under consideration, it is manifest, from the wording of the guaranty, that it was the intention of the defendant to guarantee the collection with costs.

If not paid by the maker at maturity, the design and intention was that legal proceedings should be had to enforce payment of the maker before resort could be had to the guarantor.

To construe the writing into a guaranty of payment would be to wholly reject the words, " *and collection with costs, if any made.*"

But it is said that it is both a guaranty of payment and collection, and that such a construction would give force to all the words employed. That it is either a guaranty of payment only, or a guaranty of collection only. This cannot be.

It certainly was not the intention to make a contract in the alternative. If that had been the intention, the conjunction " and " would not have been used. The word " or " would have been used, so as to read, *payment or collection, with costs.* If that had been the language, the holder would have had the right of election, to proceed in the first instance on the guaranty of payment, or against the maker; and in case he failed, he then would have had his remedy against the guarantor for the debt and costs.

In the case of *Baxter* agt. *Smack* (17 *How. Pr. R.*, 183), the guaranty was indorsed upon the back of a bond, and, after stating the consideration, was in these words : " *I do hereby guarantee the payment and collection of the principal and interest money of the bond and mortgage within assigned.*"

ROOSEVELT, J., held the guaranty to be one of collection and not of payment. The learned judge, in his opinion, says : " Where the parties are careless in the use of language, it is to ascertain their intent. When ascertained, the intent, if not prohibited by some positive rule or statute, is the law. What, then, according to the common understanding, is the meaning of the terms, '*payment and collection*,' and in connection with the mortgage about to be assigned ? If, on mere non-payment, it was intended that the guarantor should be immediately liable to a suit, no matter how ample the

value of the mortgaged premises, why superadd the word 'collection' to the word 'payment?' The use of that word clearly shows that the corresponding idea, in some form, was in the mind of the party. I can conceive of no other motive for its insertion than to signify distinctly that if not paid at maturity the loan should be 'collectible' by foreclosure, or, in other words, that it would be 'paid' if the usual steps were taken for its 'collection.'

"This interpretation gives some force to all parts of the sentence, whereas the other renders the term '*collection*' a mere nullity."

It is true this is a special term decision. It was rendered in 1859, and has never been questioned until in the present case.

The guaranty is a special contract, and must be construed by the same rules as all other special agreements.

The order appealed from should be reversed, and a new trial granted, with costs to abide the event.

*Charles S. Baker*, counsel for plaintiff and respondent.

The learned justice properly held that the guaranty should. not be limited to one for *collection merely*.

1. The language employed does not make it such.

2. The language employed, unless restricted and changed from its usual and ordinary sense, embraces a guaranty of *payment* as well as *collection*.

3. Giving the words their fair and natural import, the defendant undertook and guaranteed both the payment and. collection of the note.

4. The words, grammatically construed, admit of no other interpretation.

5. The sentence, when grammatically extended, would read: " For value received I guarantee the *payment* of the within note, with costs, if any made; and for value received I guarantee the *collection* of the within note, with costs, if any made."

Tuton agt. Thayer.

6. To permit the construction to be applied to the guaranty contended for by the defendant would defeat all the rules of interpretation to be given to contracts.

(*a*) The word "payment" would be left meaningless and redundant — in effect stricken out. That this is never done, except from necessity, is too clear to need any argument or authority. The words "with costs, if any made," would also be left in the same position.

In a simple guaranty of *collection*, the guarantor is liable for the costs incurred in endeavoring to collect against the maker of the note, without specifying the same in the guaranty (*Heywood* agt. *Heywood*, 42 *Maine R.*, 229 ; *Opinion* DWIGHT, *J., at special term ; Mosher* agt. *Hotchkiss*, 3 *Keyes R.*, 161, *opinion*, 164).

But in a guaranty of payment, if the holder thereof resorts in the first instance to the *maker* and is unsuccessful, he cannot recover the costs incurred in an action against the guarantor on the guaranty (*Woodstock Bank* agt. *Downer*, 27 *Vermont R.*, 539, *opinion*, 544).

(*b*) If the guaranty is construed to be one of *payment* as well as collection, no violence need be done to the language, and effect and meaning are given to every word (*Opinion* DWIGHT, *J., at special term*).

(*c*) That in the construction of guaranties as favorable rules are to be applied as in other contracts, is now well settled, both in the court of last resort in this state, and in the supreme court of the United States (*Gates* agt. *McKee*, 13 *N. Y. R.*, 232, 234, 235, 236, 237, 238 ; *Douglas* agt. *Reynolds*, 7 *Peters*, 113, 122). The rule laid down in *Gates* agt. *McKee* is : " Guaranties are to be construed by rules at least as favorable to the creditor as those which courts apply to other written contracts, irrespective of the consideration that the guarantor is a surety " (DENIO, *J.*, 234, 235).

(*d*) Again, " The obligation of a guarantor is what the fair import of the language of guaranty imposes upon him. If his engagement is absolute, he cannot insist upon any con-

Tuton agt. Thayer.

dition" (*Simons* agt. *Steele*, 36 *New Hampshire R.*, 73; *Morris* agt. *Wadsworth*, 11 *Wendell*, 100; *S. C.*, 17; *id.*, 103).

7. Upon principle and analogous cases this guaranty should not be held to be one of collection solely. In *Curtiss* agt. *Smallman* (14 *Wend.*, 231), and *Cooke* agt. *Nathan* (16 *Barbour*, *S. C.*, 342), the guaranty was "that the note is '*good.*'" The court held that the word "good" meant and should be held the same as " collectible," and therefore held that they were guaranties of collection. Yet in a well-considered case, where the guaranty was, "I guarantee the said note is good, and payment of the same," the court held that the holder of the guaranty was not bound to exhaust his remedy against the maker before resorting to the guaranty (*Woodstock Bank* agt. *Downer*, 27 *Vermont R.* [1 *Williams*], 539).

In legal effect there can be no difference between that case and this. Using a word of the same legal import cannot alter the *status* of the matter.

8. If the court should arrive at the conclusion that the language of the guaranty is ambiguous, the defendant will be no better off (*Opinion* DENIO, *J.*, *Gates* agt. *McKee*, *p.* 236, *cases cited*).

SUB. I, POINT I. It is only deemed necessary to particularly call the attention of the court to the opinion of justice DWIGHT, to show the fallacy of the reasoning of the judge who delivered the opinion in the case relied upon by the defendant's counsel to maintain his position (*Smack* agt. *Baxter*, 17 *How. P. R.*, 183). We are perfectly willing to submit the case to this court on the views presented by the two opinions as to the meaning of the language employed in this contract of guaranty, and we confidently submit that justice DWIGHT has given the meaning which the words of the contract naturally convey. And applying the language of judge DENIO, in *McKee* agt. *Gates* (*supra*, 234), "If this is the meaning which the paper naturally conveys, it is the sense which the court is bound to apply to it," we respectfully

submit that no error has been committed by the court below, and the order should be affirmed, with costs.

DWIGHT, *J.*—This was an action on a contract of guaranty indorsed on a promissory note in the following words:

"For value received, I guarantee the payment and collection of the within note, with costs, if any made.

(Signed)          WILLIAM THAYER."

I held, at the circuit, that this was a guaranty of payment as well as of collection, and therefore denied a motion for a nonsuit made by defendant at the close of the plaintiff's case, no evidence being given of proceedings to collect of the maker of the note. The defendant's exception to the ruling denying the motion for a nonsuit presents the only question in the case. Counsel for defendant now cite the case of *Baxter* agt. *Smack* (17 *How.*, 183), where ROOSEVELT, J., at special term, on demurrer, held a similar guaranty of a bond and mortgage, omitting only the words "with costs, if any made," to be a guaranty of collection only, and sustained the demurrer to a complaint which did not allege proceedings previously had against the mortgagor. With great respect for the opinion of the learned judge who thus decided, I am unable to concur with him in his construction of the contract.

He says, "to construe it as a guaranty of payment renders the word 'collection' a mere nullity; whereas to construe it as a guaranty of collection gives some force to all parts of the sentence."

I concede that to construe it as a guaranty of payment alone, renders the word "collection" superfluous; and it seems equally clear that to construe it as a guaranty of collection alone has the same effect in regard to the word "payment;" whereas to construe it as a guaranty both of payment and collection, gives force to all the language employed

Tuton agt. Thayer.

and an effect to the contract different from that either of a guaranty of payment only or of collection only.

Upon a guaranty of collection only the holder must proceed in the first instance against the maker, but, if he fails to collect of him, has his action against the guarantor, both for the debt and for the costs of the proceedings against the maker.

Upon a guaranty of payment only, the holder *may* proceed in the first instance against the maker; but if he does so, and subjects himself to costs, he cannot afterwards recover those costs of the guarantor, because he had his action in the first instance against the guarantor, and need not have incurred costs in an action against the maker.

But upon a guaranty both of payment and collection the holder has his election to proceed in the first instance either against the maker or against the guarantor, and if he does proceed against the former, and fails to collect, he has his remedy against the latter, as well for the costs of the former action as for the debt.

Certainly, if it had been the intention of the parties to this contract to give the holder such an election and such a remedy, no form of words could have been selected more apt and effective to express such intention than the form actually employed, viz.: "I guarantee the payment and collection of the within note, with costs, if any made."

It needs no argument to show that such a choice of remedy, with indemnity for costs to the extent of the guarantor's responsibility, might be of substantial advantage to the holder of the contract in many cases. For the reasons stated I am still of opinion that the contract was properly construed at the circuit.

The motion for a new trial must therefore be denied.

At the general term, fourth department, April, 1874, the order of the special term was affirmed, on the grounds stated in opinion of justice DWIGHT, the court adopting his opinion.

Justices MULLIN, E. D. SMITH and GILBERT.