JOHN H. Loos, Respondent, *v.* MICHAEL McCORMACK, Appellant.

*Guaranty — when one of payment — effect of a release of the debtor from a portion of the claim — allegation that a consent to an extension of time of payment was obtained by "fraudulently and wrongfully" refraining from disclosing certain facts — usury when not a defense to the guarantor — duty of the guarantor to ascertain the financial condition of the principal — a defense not alleged to be partial assumed to be alleged as a complete defense.*

The following guaranty executed and delivered by a mortgagee to a person to whom he assigned the bond and mortgage: "I do hereby guarantee unto said John H. Loos the payment and collection of the said bond and mortgage and of the interest due and to grow due thereon, at the time and in the manner therein mentioned, and I do promise to pay the same at maturity thereof," is a guaranty of payment, not merely of collection, and the holder may proceed in the first instance either against the principal or the guarantor.

The fact that the holder of the guaranty, in an action brought by him to foreclose the mortgage, released a portion of his claim against the original obligor, the principal debtor, but refused to make the same concession to the guarantor, such release, being made after maturity, only operates to release the guarantor *pro tanto*.

In an action upon the guaranty, averments in the guarantor's answer ·to the effect that the holder of the guaranty, when obtaining the guarantor's consent to two extensions of payment granted to the principal debtor " fraudulently and wrongfully" refrained from disclosing the fact that, as a condition of granting the extensions, he had exacted a cash bonus from the principal debtor, do not constitute a defense, as the defense of usury is not available to the guarantor and the mere characterization of the plaintiff's silence as "fraudulent" does not suffice, where the facts imposing some duty to disclose the information are not pleaded, to establish fraud.

The question of the financial condition of the principal debtor is a matter about which the guarantor is presumed to keep himself advised, and the creditor is under no duty to communicate to the guarantor his knowledge of facts affecting that question, nor is it incumbent upon him to explain to the guarantor the meaning or effect of the guaranty.

A defense set up in an answer will, if not designated as a partial defense, be treated, for the purposes of a demurrer thereto, as having been pleaded as a complete defense.

APPEAL by the defendant, Michael McCormack, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of February, 1905, upon the decision of the court, rendered after a trial at the New York Special Term, sustaining the plaintiff's demurrer to each of the four separate affirmative defenses contained in the defendant's answer.

The mortgage referred to in the guaranty was one in which the defendant was the mortgagee and the guaranty was executed in connection with an assignment from the defendant to the plaintiff of such mortgage and of the accompanying bond.

*Benjamin G. Paskus,* for the appellant.

*Theodore L. Bailey,* for the respondent.

Judgment affirmed, with costs, on opinion of court below.

Present — O'BRIEN, P. J., PATTERSON, INGRAHAM, McLAUGHLIN and HATCH, JJ.

The following is the opinion of BISCHOFF, J., delivered at Special Term:

BISCHOFF, J.:

The action is upon a guaranty of payment and collection of an assigned bond and mortgage for $5,000, expressed in the following

terms : " I do hereby guarantee unto said John H. Loos the payment and collection of the said bond and mortgage and of the interest due and to grow due thereon, at the time and in the manner therein mentioned, and I do promise to pay the same at maturity thereof." The complaint alleges two extensions of the time of payment, with the defendant's consent, and sets forth non-payment at the expiration of the period of payment, as last extended.

Four separate defenses are pleaded, to which the plaintiff demurs for insufficiency. The first separate defense alleges that the guaranty was, by its terms, a guaranty of collection, not of payment, and that the plaintiff, having taken no steps to collect from the original obligor, cannot charge the defendant. As to this it may be said that any doubt as to the meaning of the words "payment and collection," as used in this guaranty, is resolved by the final clause, "and I do promise to pay the same at maturity thereof." To give exclusive effect to the word "collection" would be to give no effect whatever to the word "payment," and would require that the express promise to pay at maturity, upon the part of the guarantor, be wholly disregarded. The only possible meaning of this covenant is that the guaranty relates to payment, not merely to collection, and gives the holder an election to proceed in the first instance, either against the principal or against the guarantor. (*Tuton* v. *Thayer*, 47 How. Pr. 180.) The first defense, therefore, proceeds upon an erroneous construction of the agreement and is insufficient. For a second separate defense it is alleged that in an action brought by this plaintiff to foreclose the mortgage, the plaintiff released his claim against the original obligor to the extent of $500, but refused to make the same concession to the defendant, and thereby so modified the relations existing between himself and the obligor as to release the guarantor. A partial release, such as this, only operates to release the guarantor *pro tanto*, since, being made after maturity, it affects no obligation as to which the contract of guaranty was executory when the so-called "change" occurred (See *Kingsbury* v. *Westfall*, 61 N. Y. 356), and the release inures to the benefit of the guarantor only to the extent to which the claim was thus reduced as upon a partial payment. Not being designated as a partial defense (Code Civ. Proc. § 508), the matter must be tested as though pleaded for the purposes of a complete defense

(*Thompson* v. *Halbert*, 109 N. Y. 329), and, so tested, this second defense is properly open to demurrer.    The third and fourth defenses are founded upon the allegation that the plaintiff, when obtaining the defendant's consent to the two extensions of payment referred to in the complaint, refrained from disclosing the fact that he had exacted from the principal debtor, as a condition of granting the extensions, the sum of $300 in addition to the payment of interest at six per cent, it being further alleged that the extension thus obtained was void for usury, and that the plaintiff "fraudulently and wrongfully" concealed the facts from the defendant for the purpose of inducing his consent to the extension.    So far as usury is sought to be pleaded in this connection the defense is not available to the guarantor (2 Brandt Sur. & Guar. § 417*), and, upon the question of fraud, the mere characterization of the plaintiff's silence as "fraudulent" does not suffice unless the facts pleaded disclose some duty upon his part to speak, in order that the court may draw the inference of fraud.    (*New York & Mount Vernon Transportation Co.* v. *Tyroler*, 25 App. Div. 161; *Cohn* v. *Goldman*, 76 N. Y. 284.)    To infer fraud from silence the court must find that there was some duty of disclosure (*Paul* v. *Hadley*, 23 Barb. 521), but, upon the facts alleged in the defenses now considered, there was no duty resting upon the plaintiff to inform the defendant of the payment exacted from the principal at the time of the extensions.    The only suggested ground of necessity for a disclosure of these facts to the guarantor is that, had he known of the payment, he might have believed that the security for the guaranteed debt was insufficient and have withheld his consent to the extension, but the question of the financial condition of the principal debtor is a matter about which the guarantor is presumed to keep himself advised, and the creditor is under no duty to communicate his knowledge of facts which affect that question; nor is he to explain to the surety the meaning or effect of his engagement to answer for the principal debt.    (2 Brandt Sur. & Guar. § 419;* *Western New York Life Ins. Co.* v. *Clinton*, 66 N. Y. 326.)    As was said in the case last cited : "It is the duty of the sureties to look out for themselves and ascertain the nature of the obligation embraced in the undertaking, and any other rule would not only work serious incon-

* See 2d ed.— [REP.

First Department, July, 1905.          [Vol. 107.

venience, but render securities of this character of but little, if of any, value." The plaintiff's mere silence under these circumstances was not fraud, nor was it violative of any contractual engagement with the defendant, to be implied from the relations of the parties as creditor and guarantor; hence no sufficient ground of defense is disclosed by the allegations of the third and fourth separate defenses. Demurrer sustained, with costs, with leave to defendant to amend within twenty days upon payment of costs.