FIORITO v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. October 27, 1905.)

TRIAL—VARIANCE—MOTION TO DISMISS.

The question of fatal variance between a complaint, charging a street railway company with negligence in starting a car while plaintiff was in the act of boarding it, and the proof, showing an assault by the conductor and the violent ejection of plaintiff from the car, may be raised by motion to dismiss at the close of plaintiff's case.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 364.]

Appeal from City Court of New York.

Action by Alfredo Fiorito against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.
Palmieri & Wechsler, for respondent.

BISCHOFF, J. The complaint distinctly proceeded upon negligence in the starting of the car while the plaintiff was in the act of boarding it, and the proof offered was effective only in support of a totally different cause of action—an assault by the conductor and the violent ejection of the plaintiff from the car after he had boarded it in safety. That the trial court had no power to conform the pleadings to the proof, where this variance was pointed out by motion to dismiss at the close of the plaintiff's case, and that an earlier objection to the proof was unnecessary to protect the defendant's rights in this precise situation, are propositions directly established by recent authority. Block v. Third Ave. R. R. Co., 60 App. Div. 191, 69 N. Y. Supp. 1107. Following the case cited, the judgment appealed from must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.