(156 App. Div. 861.)

### STEIN v. WHITMAN et al.

(Supreme Court, Appellate Division, First Department.  May 29, 1913.)

1. BONDS (§ 88*)—RIGHTS ON ASSIGNMENT.
    The liability of an obligee in a bond under seal providing for the payment of money becoming due at the option of the obligee on default of interest, arising from his assigning the bond and guaranteeing payment thereof according to its tenor, is that of surety, and he is primarily liable for the original debt; the liability of a surety being to pay if the principal does not, but that of a guarantor being to pay if the principal cannot.
    [Ed. Note.—For other cases, see Bonds, Cent. Dig. §§ 88–91; Dec. Dig. § 88.*]

2. BONDS (§ 122*)—ACTIONS—PARTIES.
    Under Code Civ. Proc. § 454, providing that two or more persons severally liable on the same written instrument may be included as defendants, an assignee of a bond under seal for the payment of money may proceed in one action against the obligor and the obligee liable as surety.
    [Ed. Note.—For other cases, see Bonds, Cent. Dig. §§ 97, 99 148, 156; Dec. Dig. § 122.*]

    Laughlin and Dowling, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Isidor Stein against Clarence P. Whitman and another. From an order overruling a demurrer to the complaint, and granting plaintiff judgment thereon, defendants appeal.  Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Edwin P. Kilroe, of New York City, for appellants.
Ludwig M. Wilson, of New York City, for respondent.

HOTCHKISS, J.  The complaint alleges that the defendant Whitman made his bond under seal payable to defendant Faunce, which bond provided that the whole amount should, at Faunce's option, become due on default of any installment of interest; that Faunce assigned the bond to plaintiff, guaranteeing payment thereof according to its tenor; that default had been made in a semiannual installment of interest, and plaintiff elected to have the whole amount due; wherefore he demands judgment against both defendants.  The demurrer is upon the ground that the defendants are not severally liable upon the same instrument.

[1] The allegation is that appellant guaranteed payment of the debt expressed by the bond.  Strictly, appellant's obligation was in the nature of that of a surety, rather than that of a guarantor, and as such he became primarily liable for the original debt (Loos v. McCor-

mack, 107 App. Div. 8, 93 N. Y. Supp. 1088, 95 N. Y. Supp. 1141), and respondent, at his election, could proceed against Whitman and appellant simultaneously.

[2] If, therefore, appellant became, as to respondent, a principal debtor under the bond, he and Whitman were liable upon the same instrument, and could be joined as defendants. Code Civil Proc. 454. In Roehr v. Liebman, 9 App. Div. 247, 41 N. Y. Supp. 489, and kindred cases, it was held that the contract of the principal debtor and that of the guarantor arose out of distinct and independent contracts, and not upon the same instrument.

I apprehend that a sound distinction between the above cases and the present lies in the essential difference between the liability of a surety and that of a guarantor; the liability of the former being original, and that of the latter being collateral, or, as it is sometimes expressed, the liability of a surety is to pay if the principal *does not* while that of a guarantor is to pay if the principal *cannot*. In other words the distinction goes to the root of the difference between an obligation to pay and one for collection.

The order should be affirmed, with costs.

INGRAHAM, P. J., and McLAUGHLIN, J., concur.

LAUGHLIN, J. (dissenting). The plaintiff in this action seeks to recover the sum of $3,500, together with interest thereon, of both defendants. His cause of action against the defendant Whitman is based on a bond executed by him for the payment of said sum to the defendant Faunce, and his cause of action against the defendant Faunce is on an assignment in writing of said bond by Faunce to the plaintiff, and it is alleged that he "guaranteed to the plaintiff the payment of said bond, according to its tenor." The defendants demurred, on the ground that causes of action have been improperly united. The plaintiff thereupon moved for judgment on the pleadings, and his motion was granted.

The appeal, therefore, presents but a single question, namely, whether these two causes of action have been improperly united. Undoubtedly the assignor of the bond guaranteed, not the collection of the amount, but the payment of the bond; and he became liable to the plaintiff on his guaranty the moment the default occurred. The plaintiff was then in a position to sue either of the defendants. The liability of the obligor was created by the bond itself, and that of the assignor by the assignment by which he assumed liability for the performance of the obligation; and that is the point decided in Loos v. McCormack, 107 App. Div. 83, 93 N. Y. Supp. 1088, 95 N. Y. Supp. 1141, which is analogous in that respect, but is not decisive of the question presented by this appeal, which is whether this liability, which is several, may be enforced in one action, where the objection is timely and properly made. The defendants are not liable on the *same* instrument, and therefore section 454 of the Code of Civil Procedure does not authorize their joinder. That section embraces a several liability, where one party is liable as a principal and another as a guarantor or surety; but, with the exception of bills of exchange and prom-

issory notes, only where the liability in the latter capacity is *created by the same* contract or instrument in writing, by the guarantor or surety becoming a party thereto originally, or becoming in effect a party thereto and liable *thereon*, subsequently. Carman v. Plass et al., 23 N. Y. 286; Barton v. Speis, 5 Hun, 60; Roehr v. Liebmann, 9 App. Div. 247, 41 N. Y. Supp. 489; De Ridder v. Schermerhorn, 10 Barb. 638; Tibbits v. Percy, 24 Barb. 39; International Text Book Co. v. Fox, 149 App. Div. 369, 134 N. Y. Supp. 383; Draper v. Snow, 20 N. Y. 331, 75 Am. Dec. 408; Tuton v. Thayer, 47 How. Prac. 180.

I therefore vote for reversal of the judgment.

DOWLING, J., concurs.