AUTOMATIC STRAPPING MACH. CO. v. TWISTED WIRE &
STEEL CO. et al.

(Supreme Court, Appellate Division, First Department.  December 19, 1913.)

1. CORPORATIONS (§ 590*)—STATUTORY CONSOLIDATION—MERGER—LIABILITY
OF CORPORATION.

　　One corporation succeeding another by a statutory consolidation is liable for the contract obligations of the former corporation as expressly declared by statute, but there is a different liability where corporations are merged.

　　[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2354, 2361–2367; Dec. Dig. § 590.*]

2. CORPORATIONS (§ 591*)—ACTION AGAINST—PLEADING—"SUCCESSOR"—"SUCCESSOR IN INTEREST."

　　Allegations, in an action against two corporations, that one of them succeeded to the business and assets of the other and assumed all its liabilities, including any liability theretofore incurred or subsequently to accrue upon its contract with the plaintiff, the violation of such contract by the original contractor, and that the other corporation after it succeeded to such business failed to perform the contract, meant that the one corporation had succeeded the other, not by a statutory consolidation, but had succeeded to its business and taken over its assets and had assumed its liabilities including the liability on such contract with plaintiff, and that the liability of the succeeding corporation, if any, was not based on the original contract between plaintiff and the other corporation, though the word "successor" or the term "successor in interest," in the case of corporations, ordinarily indicates statutory succession (citing Words and Phrases, vol. 7, pp. 6747–6749; vol. 8, p. 7808).

　　[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2034, 2368–2372; Dec. Dig. § 591.*]

3. ACTION (§ 50*)—JOINDER—CAUSES OF ACTION.

　　In such case, there being no sufficient allegation that the liability of the succeeding company, if any, was based on the original contract between plaintiff and the other defendant corporation, there was a misjoinder of causes of action.

　　[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. § 50.*]

4. ACTION (§ 50*)—JOINDER—SEPARATE CAUSES OF ACTION.

　　If the plaintiff in such case made and charged separate violations of the contract by the defendants, there was an attempt to state two causes of action without alleging facts on which both defendants would be liable.

　　[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. § 50.*]

5. CORPORATIONS (§ 590*)—SUCCEEDING CORPORATIONS—LIABILITY ON EXISTING CONTRACTS.

　　Where plaintiff contracted with a corporation, and a succeeding corporation assumed liability on the contract, there was a novation in so far as the contract was unperformed at the time of the assignment, and for any subsequent breach thereof the assignee only would be liable.

　　[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2354, 2361–2367; Dec. Dig. § 590.*]

6. ACTION (§ 50*)—JOINDER—CAUSES OF ACTION.

　　An action against a corporation, with which plaintiff had originally contracted, and also against a succeeding corporation, which assumed liability for the contracts of its predecessor so as to be liable to plaintiff

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

thereon was, as to liability accruing thereafter, objectionable as improperly joining causes of action.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. § 50.*]

**7. CORPORATIONS (§ 591*)—ACTIONS AGAINST CORPORATION—PLEADING.**

A complaint, in an action for breach of contract brought against the corporation making the contract and the corporation which succeeded it and assumed its liability thereon, not alleging more than one breach of contract, or definitely alleging when the breach on which the action was predicated arose, but alleging a breach by both corporations, and that the breach by the latter corporation was after its succession, tended to show that the breach of which complaint was made occurred subsequent to the assignment, and hence failed to show a cause of action against the former corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2034, 2368–2372; Dec. Dig. § 591.*]

**8. CORPORATIONS (§ 590*)—SUCCESSION—EXTENT OF LIABILITY.**

A corporation acquiring assets of another corporation is not liable primarily for the debts and obligations of the first corporation, but its liability therefor is limited to the value of the assets received, and accrues only after creditors have exhausted their remedies against the first corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2354, 2361–2367; Dec. Dig. § 590.*]

**9. PLEADING (§ 8*)—CONCLUSIONS OF LAW.**

Allegations, in an action on a contract against the corporation which originally made it, that another defendant corporation succeeding to its business and assets had assumed its liabilities including any liability upon the contract, and not showing whether the conclusion rested in parol, were neither allegations of the fact nor of a conclusion of law from any facts warranting an inference of the succeeding corporation's assumption of liability.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. § 8.*]

Appeal from Special Term, New York County.

Action by the Automatic Strapping Machine Company against the Twisted Wire & Steel Company and another. From an order (142 N. Y. Supp. 6) denying motions separately made by defendants for judgment on the pleadings and overruling their separate demurrers to the amended complaint, defendants jointly appeal. Order reversed, and demurrers sustained, with leave to plaintiff to amend and to discontinue as to either defendant.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Adolph Feldblum, of Brooklyn, for appellants.
Charles A. Taussig, of New York City, for respondent.

LAUGHLIN, J. Each defendant demurs to the amended complaint on the grounds that causes of action have been improperly united, in that it purports to set forth an alleged cause of action against the defendant Twisted Wire Box Strap Company, which for brevity will be referred to as the "Box Strap Company," for a breach of contract, and another against the defendant Twisted Wire & Steel Company, which for brevity will be referred to as the "Steel Company," arising

out of a transaction alleged to have been had between the two defendants, as the result of which it is claimed that the Steel Company assumed certain liabilities of the Box Strap Company; and that the amended complaint does not state facts sufficient to constitute a cause of action.

The facts alleged in the amended complaint, which are material to a decision of the questions presented by the appeal, are that both defendants are domestic corporations; that on the 15th day of January, 1912, the plaintiff and the defendant the Box Strap Company entered into an agreement, a copy of which is annexed to the amended complaint and made a part thereof, whereby the plaintiff agreed to sell certain wire box strap, manufactured by the Box Strap Company, and agreed to furnish to said company automatic strapping machines, manufactured by the plaintiff, to the extent and on the terms therein specified; that the Box Strap Company agreed to furnish one of such automatic strapping machines to every one of its customers giving it an order aggregating $150, and an additional machine for every multiple of that amount in orders received; that the plaintiff thereupon entered upon the performance of the agreement and has duly performed the same; that it was expressly provided in the contract that it should be binding, not only upon the parties thereto, but upon their successors and assigns; that on or about the 11th day of April, 1912, the Steel Company "succeeded to the business and interests of the said defendant Twisted Wire Box Strap Company and has assumed all of its assets and liabilities, including any liability theretofore incurred and subsequently to accrue upon said agreement hereinbefore set forth"; that "in violation of the covenants of said agreement, and in breach of the terms and conditions thereof, said defendant Twisted Wire Box Strap Company, and the defendant Twisted Wire & Steel Company, since it became the successor to said business as heretofore set forth, have failed to supply one automatic strapping machine to every one of their customers who have sent in orders of which the sum reached the amount of $150, or said additional machines when said orders amounted to the sum which is a multiple of $150, and said defendants have failed to purchase said machines from plaintiff to supply said customers as required by said agreement as aforesaid"; that since the making of the contract "said defendants have received a large number of orders from their customers," exceeding $150 and multiples thereof; that by virtue of the terms of the contract the "defendants" should have supplied "to their customers," and should have purchased from plaintiff for that purpose, a large number of automatic strapping machines "which they have failed to so supply and purchase in violation of the terms of said agreement"; and that by reason of said breach of the agreement "by defendants" plaintiff has sustained damages in the sum of $3,000. Judgment is demanded against both defendants for that amount.

[1] If the Steel Company is the successor of the Box Strap Company by reason of a statutory consolidation, the liability of the former for the contract obligations of the latter is declared by statute. See Irvine v. N. Y. Edison Co., 207 N. Y. 425, 101 N. E. 358, and

statutes cited. In that case doubtless the liability of both companies would be on the same contract. This, however, is not so where corporations are merged. See Irvine v. N. Y. Edison Co., supra, and statutes cited.

[2-4] The plaintiff has not intelligently alleged the facts upon which it seeks to hold the Steel Company. It has employed the word "successor," which in the case of corporations ordinarily indicates a statutory succession. See "Successor" and "Successor in Interest," Words and Phrases Judicially Defined. It is most difficult to ascertain from the allegations of the amended complaint just what plaintiff means by the allegation that the Steel Company is the successor to the business and interests of the Box Strap Company; but we must, nevertheless, construe the pleading. We are of opinion that it does not mean that one corporation has succeeded the other by virtue of a statutory merger or consolidation, but that the Steel Company has succeeded to the business and has taken over the assets and has assumed liabilities of the Box Strap Company, including any liability then existing or thereafter accruing under the contract with the plaintiff. On that theory the liability of the Steel Company to the plaintiff, if any, rests on some agreement with the Box Strap Company by which it succeeded to its business and assumed its liabilities. It is not alleged, and it cannot be fairly inferred, that the liability of the Steel Company, if any, is based on the original contract between plaintiff and the Box Strap Company, and therefore there has been a misjoinder of causes of action. Stein v. Whitman, 103 N. E. 1133, reversing 156 App. Div. 861, 142 N. Y. Supp. 4, on dissenting opinion. If the plaintiff meant to charge separate violations of the contract by the defendants, then there is an attempt to state two causes of action without alleging facts on which both defendants would be liable.

[5, 6] On the theory that the plaintiff has attempted to allege merely an assignment of the contract and an assumption of liability, there has been a novation, and it has, by bringing this action, accepted the liability of the assignee in place of the corporation originally liable, at least in so far as the contract was unperformed at the time of the assignment, and for any subsequent breach of the contract the assignee only would be liable. Lane v. United Oilcloth Co., 103 App. Div. 378, 92 N. Y. Supp. 1061. The court erred therefore in overruling the demurrers on the ground that causes of action had been improperly united.

[7] The plaintiff does not allege that there was more than one breach of the contract; nor does it definitely allege when the breach of the contract on which the action is predicated arose. Possibly the inference is that it arose after the assignment. A period of less than three months elapsed between the date of the contract and the date of the assignment, and plaintiff alleges that the failure to supply the automatic strapping machines was by both defendants; and it is specifically alleged that the breach by the assignee was after it succeeded to the business. Those allegations, I think, tend to show that the breach, of which complaint is made, occurred subsequent to the assignment. It would seem therefore that the plaintiff fails to show a cause of action against the Box Strap Company.

[8, 9] Another question arises, however, with respect to the sufficiency of the allegations concerning the liability of the Steel Company, and it hinges on the point as to whether the allegations that that company succeeded to the business and interests of the Box Strap Company and has assumed its assets and liabilities, including any liability upon the agreement, are sufficient allegations of the facts, or whether they constitute allegations of legal conclusions. It may be that those allegations are sufficient to show that in some manner or other the Steel Company acquired the assets and business of the Box Strap Company; but that would not make it liable primarily for the debts and obligations of the Box Strap Company. Its liability therefor would be limited to the value of the assets thus received and would accrue only after the creditors exhausted their remedies against the Box Strap Company. The only allegation we have, therefore, upon which the liability of the Steel Company can be predicated, if at all, is the bare allegation that it assumed the liability of the Box Strap Company. In the circumstances, I am of opinion that this is neither an allegation of a fact, nor an allegation of a conclusion of fact from any facts fairly stated or warranting an inference to that effect. It is manifest that no indictment for perjury would lie on this allegation, for if stated positively it may well be merely the opinion of the officer who verified the pleading that such is the legal effect of an assignment, or other transfer, of the business, and for aught that appears the succession of the Steel Company to the business and assets of the Box Strap Company, intended to be set forth by these allegations, may have rested in parol.

It is possible that since the Box Strap Company, the original party to the contract, is sued and a violation of the contract is alleged, if the plaintiff has failed to allege facts sufficient to show liability on the part of the Steel Company on the theory of a novation, it would be entitled to recover in any event against the Box Strap Company. We do not, however, deem it necessary to express a decided opinion with respect to the sufficiency of the causes of action attempted to be alleged against either defendant, for the reason that the amended complaint is so inartistically drawn and so defective in many respects that doubtless it will be presented in a different form when amended pursuant to the leave to be granted on sustaining the demurrers on the ground of misjoinder of causes of action.

It follows therefore that the order should be reversed, with costs, and the demurrers sustained, with leave to the respondent to amend on payment of the costs of this appeal and of the demurrer, and with leave to discontinue as to either defendant on payment of costs to such defendant. All concur.

144 N.Y.S.—66