(85 Misc. Rep. 245)

## RIEHL v. ILLINOIS SURETY CO.

(City Court of New York, Special Term. March 18, 1914.)

PRINCIPAL AND SURETY (§ 152*)—BREACH OF BOND—ACTIONS—PARTIES.

An action on a bond by a domestic corporation, which recites that it and the surety are bound to the obligee in a specified sum, and which states that the bond is conditioned on the corporation performing a specified agreement, is maintainable against the surety alone for a breach by the corporation of its agreement.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 416–419; Dec. Dig. § 152.*]

Action by Charles Riehl against the Illinois Surety Company. Motion for judgment on pleadings denied, with leave to defendant to withdraw its demurrer and plead over.

Henry C. Quinby, of New York City, for plaintiff.
Nelson L. Keach, of New York City, for defendant.

FINELITE, J. This is a motion made by the defendant for judgment on the pleadings, consisting of a complaint and a demurrer, under section 547 of the Code of Civil Procedure. The complaint in this action in substance alleges that the defendant is a corporation organized under the laws of the state of Illinois and has an office for the transaction of business in the borough of .Manhattan, and that at the city of New York, on the 9th day of August, 1913, the defendant executed a bond or obligation in writing, and delivered the same to the plaintiff, wherein it agreed that, if the New York State Patrolmen's Association did not faithfully keep and perform all of the terms, covenants, and conditions agreed by it to be performed in a certain written agreement, dated the 24th day of June, 1903, a copy of which agreement was annexed to the bond, the defendant would pay to the plaintiff the sum of $1,000, and then proceeds with the usual allegations that the New York State Patrolmen's Association, which was the principal in the bond, did not perform and fulfill the terms, covenants, conditions, and agreements which it had agreed to perform, and that the plaintiff herein has duly performed all the conditions on his part to be performed.

The defendant demurs to the complaint upon the ground that it appears upon the face thereof that there is a defect of parties defendant, in that the New York State Patrolmen's Association is a necessary party defendant in this action. It is necessary to refer to the bond that was given on which the action is predicated, and which reads as follows:

"Know all men by these presents that we, New York State Patrolmen's Association, a domestic corporation organized under the laws of the state of New York and having its principal office at the city of Buffalo, New York, as principal, and Illinois Surety Company, a corporation organized under the laws of the state of Illinois and authorized to do business in the state of New York, as surety, are held and firmly bound unto Charles G. Riehl, whose business address is New York American Building, corner of Broadway and Fifty-Ninth street, New York City, in the sum of one thousand ($1,000) dollars, lawful money of the United States, to be paid to the said Charles G. Riehl, his

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

executors, administrators, or assigns, for which payment, well and truly to be made, we bind ourselves and each of our successors firmly by these presents. Sealed with our seal. Dated August 9, 1913. The condition of the above obligation is such that if the above bounden New York State Patrolmen's Association shall faithfully keep and perform all of the terms, covenants, and conditions which it agreed to keep and perform in a certain agreement dated June 24, 1913, a copy of which is hereto annexed, made and executed between the said Charles G. Riehl and the said New York State Patrolmen's Association, then this obligation is to be void; otherwise, to remain in full force and virtue."

It appears from the complaint herein that the New York State Patrolmen's Association failed to comply with its agreement entered into between it and the plantiff herein, and by reason of that fact the action is brought against the Illinois Surety Company upon its bond to recover the sum of $1,000. Now the question arises: Should the said New York State Patrolmen's Association be made a party defendant in the action, as the bond given by said surety company was made joint and several?

In an early and leading case upon this point (Van Alstyne v. Van Slyck, 10 Barb. 383) the court said that the obligation of the defendant was clearly a joint and several one, and where the words are "I promise to pay" and signed by two persons they are jointly and severally liable. In Loos v. McCormack, 107 App. Div. 10, 93 N. Y. Supp. 1088, 95 N. Y. Supp. 1141, where the Appellate Division affirmed the decision upon the opinion below at Special Term, it said that the only possible meaning of this covenant is that the guaranty relates to payment, not merely to collections, and gives the holder. an election to proceed in the first instance either against the principal or against the guarantor. This language was evidently taken from the case of Tuton v. Thayer, 47 How. Prac. 180, and was again followed by the case of Town of Hadley v. Garner, 116 App. Div. 69, 101 N. Y. Supp. 777, where the court held, the action being against the surety on an official undertaking:

"We agree with the learned trial justice that it was not necessary to join the commissioner of highways as a party defendant with the defendants who executed the undertaking as his sureties. The undertaking given is in form joint and several, and for that reason alone it was proper to bring the action against the sureties without joining the commissioner as a party."

In Roehr v. Liebmann, 9 App. Div. 247, 248, 41 N. Y. Supp. 489, 490, the court therein stated that this action is brought to recover rent secured to be paid by the terms of a written lease and for damages sustained in the restoration of the property after the termination of the lease. The complaint sets out the two causes of action in separate counts. So far as material to the disposition of the questions presented by the demurrer the complaint alleges in the first count, and repeats the allegation in the second count, as follows:

"That on the 19th day of September, 1892, the plaintiff and the said defendants entered into a written agreement, a copy of which is hereto annexed, marked 'Exhibit A,' and is made a part of this complaint."

Reference to the contract which is thus made a part of the complaint shows that the defendants who demur are not parties thereto.

They are not mentioned in the body of the lease, nor do they execute the same. Their undertaking is a guaranty that the lessees will fulfill the terms of the lease. The obligation is therefore not joint, but several, and arises out of distinct and independent contract; the obligations under the lease being that the principal party will pay his debt, and under the guaranty that the grantors will pay the debt of the lessee. These contracts have always been held to be separate contracts, even though appearing upon the same instrument. De Ridder v. Schermerhorn, 10 Barb. 638; Barton v. Speis, 5 Hun, 60; Evans v. Conklin, 71 Hun, 536, 24 N. Y. Supp. 1081; Harris v. Eldridge, 5 Abb. N. C. 278.

Motion for judgment on the pleadings is therefore denied, with $10 costs, with leave to defendant to withdraw its demurrer and plead over within six days upon payment of said costs. Order signed.