HAMMER v. INDEPENDENT LAMP & WIRE CO.

(Supreme Court, Appellate Term, First Department. June 21, 1916.)

1. CORPORATIONS ⬥591—CONSOLIDATION—ACTION FOR SERVICES—SUFFICIENCY OF COMPLAINT.

A complaint, in an action to recover the value of services as an electrical expert alleged to have been rendered by plaintiff for a corporation and for disbursements in connection therewith, on the ground that the defendant corporation was liable because it had acquired all of the assets and had assumed all the debts of the first corporation, failed to state facts sufficient to constitute a cause of action.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2034, 2368–2372; Dec. Dig. ⬥591.]

2. PLEADING ⬥237(1)—TRIAL—AMENDMENT.

In such case, where a motion to dismiss the complaint on the ground that it failed to state facts sufficient to constitute a cause of action was made at the opening of the trial, and due exception taken to its denial, the trial judge had no power to allow an amendment attempting to plead the omitted facts under the guise of "conforming the pleadings to the proof."

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 603; Dec. Dig. ⬥237(1).]

Guy, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by William J. Hammer against the Independent Lamp & Wire Company. From a judgment in favor of the plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed and remanded.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Stern & Gotthold, of New York City (Arthur F. Gotthold and Ernest J. Ellenwood, both of New York City, of counsel), for appellant.

William R. Page, of New York City, for respondent.

BIJUR, J. [1, 2] I am of opinion that the complaint fails to state facts sufficient to constitute a cause of action (Automatic Co. v. Twisted Wire Co., 159 App. Div. 656, 660, 144 N. Y. Supp. 1037), and that,

a motion to dismiss the same on that ground having been made at the opening of the trial and due exception taken to its denial, the learned judge below had no power to allow an amendment attempting to plead the omitted facts under the guise of "conforming the pleadings to the proofs" (Block v. Third Ave. R. R. Co., 60 App. Div. 191, 69 N. Y. Supp. 1107; Wheeler v. Hall, 54 App. Div. 49, 53, 66 N. Y. Supp. 257; Fiorito v. Interurban Street Ry. Co., 48 Misc. Rep. 614, 95 N. Y. Supp. 528).

The judgment should be reversed, with costs to the appellant, and the complaint dismissed, with costs.

PHILBIN, J., concurs.

GUY, J. (dissenting). The action was to recover the value of services as an electrical expert alleged to have been rendered by plaintiff for the Heany Lamp Company, a Maine corporation, and for disbursements made in connection with those services; plaintiff claiming that the defendant, a New Jersey corporation, was liable because, as he alleged, "the defendant acquired all of the assets of said Heany Lamp Company and assumed all the debts of said Heany Lamp Company." This allegation of the complaint was not denied in the answer. Defendant appeals from the judgment in plaintiff's favor.

At the opening of the trial the defendant moved to dismiss the complaint, on the ground that it did not state a cause of action against the defendant, and the court reserved decision on the motion. The plaintiff testified to a conversation had with Mr. Hofheimer, the president of the defendant, after the rendition of his services; that "Mr. Hofheimer told me that there was not any Heany Lamp Company any more, and I asked him what had become of it, and he said the Independent Lamp & Wire Company" (defendant) "had taken over the whole business, and I asked him what he meant by that. He said it assumed the assets and liabilities, and the company had taken over the whole business." Hofheimer testified that after May 1, 1911 (that is, subsequent to the rendition of the alleged services), the Heany Lamp Company went out of business, that it had done no business since that time, that it had filed in the state of Maine its certificate of cessation from business, that the defendant took over certain assets of the Heany Company, the value of which assets it was conceded was in excess of the demand made in this action, and that at the time of the filing of said certificate the Heany Company had no assets remaining. At the close of the plaintiff's case his counsel moved to amend the complaint to conform to the proofs as to the cessation of business by the Heany Company and the transfer of its assets to the defendant, leaving the Heany Company without any assets, and also by adding an allegation that the plaintiff is a resident of the state of New York. The motion was granted, against defendant's objection and exception.

In determining whether the court erred in allowing said amendment, it is necessary to first determine whether the amendment was consistent with the allegations of fact contained in the complaint, or whether, on the other hand, it substantially changed the character of

the complaint, so as to incorporate in the complaint a good cause of action, where no cause of action had been pleaded before the amendment. Paragraph 5 of the complaint alleges:

"That after May 1, 1911, and prior to January 1, 1913, the defendant acquired all of the assets of said Heany Lamp Company *and assumed all the debts of said Heany Lamp Company.*"

If, as contended by the appellant, the latter part of said paragraph, "and assumed all the debts of said Heany Lamp Company," is merely a statement of a conclusion of law predicated upon the preceding allegation of said paragraph that defendant "acquired all of the assets of said Heany Lamp Company," then the allowing of the amendment was prejudicial error. If, on the contrary, the allegation that defendant "assumed all the debts of said Heany Lamp Company" is to be deemed an allegation of fact to be established on the trial, as was the allegation that defendant acquired all the assets of said corporation, by competent proof of such assumption of debts by defendant, then the allowing of the amendment to make the pleadings conform to the proof did not set up a new cause of action, but was consistent with the cause of action pleaded, and was properly allowed by the trial court. I am of the opinion that the latter view is correct. The fifth paragraph must be taken as an entirety. The language used as to the acquiring by defendant of all the assets of the Heany Lamp Company is identical with the language used as to defendant assuming all the debts of said Heany Lamp Company. If the former is an allegation of fact, then the latter is an allegation of fact. No distinction can possibly be drawn between the two allegations set forth in the fifth paragraph.

As both the Heany Lamp Company and the defendant were foreign, not domestic, corporations, there could not be a consolidation under our statutes, and there was no proof of the consolidation of the corporations under the law of any state. It is apparent, therefore, that the court erred in charging the jury that the question of the liability of the defendant was not before them, because "the successor in title of a corporate body which takes over all of the assets of another defunct company is required to pay the liabilities of the defunct company so far as the assets received by that company go to make up sufficient sums to make payments on account of its debts. See Irvine v. New York Edison Co., 207 N. Y. 425, 101 N. E. 358, Ann. Cas. 1914C, 441; also Automatic Strapping Machine Co. v. Twisted Wire & Steel Company, 159 App. Div. 656, 144 N. Y. Supp. 1037. And it is also evident that in the light of the charge as made the respondent cannot have the benefit of his uncontradicted testimony that the president of the defendant admitted that the defendant had assumed the liabilities of the Heany Company.

It remains to be considered whether the admission by failure to deny the allegation of the complaint that the defendant acquired all the assets and assumed all the debts of the Heany Lamp Company is sufficient to fix liability upon the defendant. In Automatic Strapping Machine Co. v. Twisted Wire & Steel Co., supra, a similar situation

was presented by demurrers to the complaint, and the court said (159 App. Div. 660, 144 N. Y. Supp. 1041):

"The only allegation we have, therefore, upon which the liability of the Steel Company can be predicated, if at all, is the bare allegation that it assumed the liability of the Box Strap Company. In the circumstances, I am of opinion that this is neither an allegation of a fact, nor an allegation of a conclusion of fact from any facts fairly stated, or warranting an inference to that effect."

Nevertheless the court in that case (159 App. Div. 661, 144 N. Y. Supp. 1041), although holding that causes of action were improperly united against both companies, did not "deem it necessary to express a decided opinion with respect to the sufficiency of the causes of action attempted to be alleged against either defendant," so that there was no actual decision by the court that the allegation as to the assumption of the liabilities of the merged corporation was insufficient to show a cause of action against the possessor corporation.

In this case, however, we have not only the admitted allegations of the assumption of the debts of the Heany Company by the defendant, but also that the defendant acquired all the assets of the Heany Company, supplemented by the further concessions of the defendant that the value of the assets was in excess of the plaintiff's claim, and that the Heany Company had ceased doing business under its charter from the state of Maine. Under the circumstances the conclusion was justified that as a matter of fact the defendant had assumed the obligation of the Heany Company.

At the close of the charge plaintiff's counsel said:

"Will your honor charge on the question of right of the jury to allow interest on the amount of the claim?"

To which the court replied:

"The interest will follow in a case of this kind as a matter of law, so that you need not bother with that."

After the jury rendered their verdict in favor of the plaintiff for $450, the court said, "I will allow interest on that amount, to be computed," and the defendant excepted. Interest amounting to $132.60 was then allowed, making the verdict $582.60.

There was no agreement fixing the value of plaintiff's services, and there was no market value; consequently it required a determination of the court to say what the defendant should pay, and under the circumstances interest should not have been allowed. Herrman v. Leland, 163 App. Div. 515, 148 N. Y. Supp. 643; Vandyke v. Webb, 167 App. Div. 445, 152 N. Y. Supp. 508. Plaintiff, however, was entitled to interest on his disbursements; and the judgment should be modified, by deducting therefrom $114.62, being the interest added to the verdict less the sum of $17.98 interest on plaintiff's disbursements, and, as so modified, affirmed.

Judgment should be modified, by deducting therefrom $114.62, and, as so modified, affirmed, without costs.